IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

            Plaintiff,

vs.                                            Case No. 18-3092-SAC

CHEROKEE COUNTY JAIL, et al.,

            Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id.  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).

III. Plaintiff's allegations

This is a civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights while he has been a pretrial detainee at the Cherokee County Jail.

2

Plaintiff names the Cherokee County Jail as a defendant as well as the following persons:  David Groves, Sheriff of Cherokee County; Michelle Tippie, jail administrator; Thomas Degroot, jail officer; Amanda Phillips, jail officer; Kristin Wagner, nurse practitioner; April Macafee, sergeant; and Judah Eliss, deputy.

Plaintiff lists six counts in the complaint.  In Count One, plaintiff alleges the denial of his due process rights when on March 17, 2018 he was locked down or placed in segregation for 15 days without a legitimate government purpose.  Plaintiff claims that he was denied a disciplinary hearing and that the disciplinary report was not timely written in violation of jail policies.

In Count Two, plaintiff asserts that his due process rights against punishment as a pretrial detainee were violated because he was denied a diet required for medical reasons to prevent plaintiff from losing weight.  Plaintiff asserts that he weighed 177 pounds on February 1, 2018 when he was returned to the Cherokee County Jail from the Crawford County Jail.  He asserts that he weighed 157 pounds on March 29, 2018.

In Count Three, plaintiff alleges illegal retaliation against his right to petition the government.  Plaintiff alleges that he was taken off his medical diet on August 24, 2017, the day after he filed a grievance against defendant Tippie for opening outgoing legal mail.  Plaintiff further alleges that he was placed on disciplinary segregation on August 31, 2017 for stating that he

3

was going to file a grievance and write to a relevant government oversight agency.

In Count Four, plaintiff contends that on or about June 28, 2017 he discovered that jail officers opened a manila envelope that was addressed to his lawyer. He claims that this action violated his right to the assistance of counsel.

In Count Five, plaintiff asserts that his due process right to humane conditions of confinement was violated. Plaintiff alleges that on April 2, 2017, a meat patty was overcooked and hard. He claims that on several occasions food was inadequate and inedible. Plaintiff describes instances when a piece of cake was stale and when a piece of cake was moldy. He claims he was served a rotten salad on another date. He also claims that on June 26, 2017, there was blood and feces on the wall of his cell and he had to wait several hours before he could clean the cell. On October 9, 2017 he was placed in a cell with blood on the floor and it took many hours to receive the cleaning supplies to clean it up. He asserts that he was given a used razor on September 2, 2017 and that the guards carry the used and new razors in the same bucket.

Finally, in Count Six, plaintiff asserts that he was denied his right to observe his religion. Plaintiff claims that he was not allowed in general population, including for church services, in order to separate plaintiff from designated "incompatibles." He asserts that his "services were cut in half and that some days

he was only allowed 10 to 15 minutes" without a legitimate government purpose.

IV. <u>The Cherokee County Jail is not a suable entity</u>.

Section 1983 provides for legal claims to be made for constitutional violations and federal statutory violations committed by "persons" acting under the authority of state law.[1] This court has held that a county detention center, which does not have the authority to sue or be sued, is not a "person" that may be sued for violations of § 1983. See <u>Gray v. Kufahl</u>, 2016 WL 4613394 *4 (D.Kan. 9/6/2016)(Lyon County Detention Center is not a suable entity); <u>Baker v. Sedgwick County Jail</u>, 2012 WL 5289677 *2 n.3 (D.Kan. 10/24/2012)(Sedgwick County Jail is not a suable entity under § 1983); <u>Chubb v. Sedgwick County Jail</u>, 2009 WL 634711 *1 (D.Kan. 3/11/2009)(same); <u>Howard v. Douglas County Jail</u>, 2009 WL 1504733 *3 (D.Kan. 5/28/2009)(Douglas County Jail is not a "person" subject to suit under § 1983). Therefore, plaintiff's claims against the Cherokee County Jail should be dismissed.

V. <u>Count Four</u>

Plaintiff alleges that his right to assistance of counsel was violated because jail personnel opened a manila envelope addressed

---

[1] Section 1983 provides that: "Every person who, under color of any [State] statute, ordinance, regulation, custom or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

5

to plaintiff's attorney. Plaintiff does not identify who opened his legal mail. He does not allege that his legal mail was read by jail officers. Plaintiff makes only a conclusory claim of purposeful intrusion into attorney-client communications. No facts are stated which would suggest that the intrusion was intentional as opposed to negligent. Plaintiff also does not allege how this event materially impinged upon his communications with counsel or otherwise caused plaintiff harm.

The Tenth Circuit has stated that an accidental isolated incident of opening and inspecting mail does not give rise to a constitutional violation. Green v. Denning, 465 Fed.Appx. 804, 807 (10th Cir. 2012); Berger v. White, 12 Fed.Appx. 768, 771 (10th Cir. 2001); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); see also, Guajardo-Palma v. Martinson, 622 F.3d 801 (7th Cir. 2010)(denying constitutional claim from opening of nine pieces of legal mail where plaintiff did not claim resulting intimidation); Florence v. Booker, 23 Fed.Appx. 970, 972 (10th Cir. 2001)(rejecting access to courts claim based on a single incident of opening legal mail without evidence of improper motive); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)("an isolated incident of mail tampering is usually insufficient to establish a constitutional violation"); Morgan v. Montanye, 516 F.2d 1367, 1370-72 (2nd Cir. 1975)(single instance of legal mail opened outside presence of inmate does not violate Constitution);

Chambers v. Badsky, 2014 WL 4261345 *6 (D.Kan. 8/28/2014)(single incident of legal mail tampering does not state a constitutional violation); Hall v. Chester, 2008 WL 4657279 *4 (D.Kan. 10/20/2008)(allegations of two incidents of improperly opened legal mail without more fail to state a constitutional claim).

Upon the circumstances alleged by plaintiff and the above-cited legal authority, the court shall order plaintiff to show cause why Count Four should not be dismissed.

VI. Count Five

Plaintiff claims that his conditions of confinement relating to food and sanitation violated the Due Process Clause of the Fourteenth Amendment. Under that provision of the Constitution, as a pretrial detainee, plaintiff is entitled to "'humane conditions of confinement [with] . . . the basic necessities of adequate food, clothing, shelter, and medical care and . . . reasonable measures to guarantee [his] safety.'" Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1188 (10th Cir. 2003)(quoting Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998)). Plaintiff must allege facts showing that the alleged deprivation was sufficiently serious to constitute an excessive risk to his health and safety and that defendants knew of and disregarded the risk. Id. This is the Eighth Amendment standard for claims of cruel and unusual punishment. Id. As to the seriousness requirement, "'only those deprivations denying the minimal

7

civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

"[T]he length of exposure to the conditions [of confinement] is often of prime importance." DeSpain v. Uphoff, 264 F.3d 965, 974 (10th Cir. 2001). The Tenth Circuit has held "that a situation involving filthy cells, poor lighting, inadequate ventilation or air cooling and unappetizing food 'simply [did] not rise to the level of a constitutional violation' where prisoners were exposed to the conditions for only forty-eight hours." Id., quoting Barney v. Pulsipher, 143 F.3d 1299, 1312 (10th Cir. 1998). In Barney, the Tenth Circuit cited several cases holding that filthy and unsanitary conditions did not violate the Eighth Amendment because they lasted only 24 hours or for only a few days.

Here, plaintiff has alleged that on two occasions he was placed in cells with blood or feces or both on the walls or on the floor. He claims he was locked in these cells for several hours before the cells could be cleaned. He also alleges that he has been served stale food on a regular basis and that on several occasions some food was inedible. On one of those occasions, apple sauce was substituted for an inedible salad. On another occasion a different piece of cake was substituted for a moldy piece of cake. Plaintiff also alleges that on September 2, 2017, he was given a dirty razor with which to shave. He asserts that after he

pointed this out, the jail officer apologized and threw the razor away. Plaintiff does not allege that he sustained any harm to his health or provide sufficient facts to evaluate any risk to his health.

The only condition of confinement described in Count Five which is alleged to have occurred regularly is the serving of stale breakfast food. Tasty or even appetizing food is not a basic necessity for humane living. Williams v. Berge, 102 Fed.Appx. 506, 507 (7th Cir. 2004); see also, Isby v. Brown, 856 F.3d 508, 522 (7th Cir. 2017)(rejecting Eighth Amendment claim based in part upon poor quality food); LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993)(food need not be tasty or aesthetically pleasing). So, providing stale food to inmates on a regular basis does not violate the Constitution. The other temporary or occasional conditions described by plaintiff also fall short of stating a constitutional violation based upon the authorities cited herein.[2] See also, Robinson v. Danberg, 673 Fed.Appx. 205, 212-13 (3rd Cir. 2016)(no violation stated by confinement in blood-stained cell which prisoner was forced to clean without protective equipment or

---

[2] Plaintiff also claims that he made a request for AIDS and hepatitis tests which was denied. This allegation does not state a constitutional claim. See Pace v. Myers, 2016 WL 6071797 *6 (S.D.Ill. 10/17/2016); Jordan v. Caffey, 2015 WL 2345849 *4 (D.Ariz. 5/15/2015); Freeman v. Troutt, 2012 WL 2565070 *11 (M.D.Tenn. 6/29/2012). As in these cases, plaintiff has failed to plausibly allege a serious medical need as required for a constitutional violation. He has also failed to allege that he suffered any specific harm from the refusal. In addition, compensatory damages are unavailable without a showing of physical injury. 42 U.S.C. § 1997e(e).

9

cleaning materials); Ledbetter, 318 F.3d at 1188 (10th Cir. 2003)(allegations of restraint for five hours "in a filthy cell with no toilet in bare feet" are not enough for a constitutional violation); McBride v. Deer, 240 F.3d 1287, 1291 (10th Cir. 2001)(a filthy cell may be tolerable for a few days); Gonzalez v. Hasty, 269 F.Supp.3d 45, 64 (E.D.N.Y. 2017)(no Eighth Amendment violation caused by issuance of dirty razors and inadequate cell cleaning supplies); Dowdy v. Troutt, 2011 WL 6754076 *3-4 (M.D.Tenn. 12/23/2011)(no Eighth Amendment claim stemming from issuance of dull, unsanitary razor on one occasion).

Upon the circumstances alleged by plaintiff and the above-cited legal authority, the court shall order plaintiff to show cause why Count Five should not be dismissed.

VII. Martinez report

The court cannot properly screen plaintiff's claims in Counts One, Two, Three and Six without additional information from appropriate officials of the Cherokee County Jail.  Accordingly, the Court shall order the appropriate officials of the Cherokee County Jail and the Sheriff of Cherokee County to prepare and file a Martinez report.  See Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

Officials responsible for the operation of the Cherokee County Jail are directed to undertake a review of the subject matter of Counts One, Two, Three and Six of the complaint:

10

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(C) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

Upon completion of the review, a written report shall be compiled. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

Authorization is granted to the appropriate officials of the Cherokee County Jail and the Sheriff of Cherokee County to interview all witnesses having knowledge of the facts, including the plaintiff.

No answer or motion addressed to the complaint shall be filed until the Martinez report requested herein has been prepared. Discovery shall not commence until plaintiff has received and reviewed defendants' answers or response to the complaint and the report required herein. This action is exempted from the requirements imposed under FED.R.CIV.P. 26(a) and 26(f).

VIII. Conclusion

For the above-stated reasons, the court directs as follows. Plaintiff is ordered to show cause by May 31, 2018 why the court

should not dismiss plaintiff's claims in Counts Four and Five of the complaint and why the court should not dismiss the Cherokee County Jail as a defendant.

A <u>Martinez</u> report is ordered consistent with Section VII of this order.  The report should be filed on or before July 2, 2018.

The Clerk is further directed to transmit a copy of the complaint and this order to the Sheriff of Cherokee County.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2018, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow   _____
                              Sam A. Crow, U.S. District Senior Judge
</pre>