IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

                Plaintiff,

vs.                                                  Case No. 18-3092-SAC

CHEROKEE COUNTY JAIL, et al.,

                Defendants.

**O R D E R**

This case is before the court upon plaintiff's motions to amend. Doc. Nos. 19 and 20. Because this case is in its early stages and service upon defendants has not yet been ordered, the court treats the motions as presenting additional claims for the court to screen pursuant to the court's responsibilities under 28 U.S.C. § 1915A. Therefore, the court applies the standards for screening <u>pro se</u> pleadings that the court discussed in a prior screening order. Doc. No. 8.

In Doc. No. 19, plaintiff asks for leave to amend the complaint to allege that his constitutional rights were violated in April 2018 when he was denied soap and shampoo for over 24 hours and denied a toothbrush and toothpaste for four or five days. In Doc. No. 20, plaintiff alleges that in October 2017 his constitutional rights were violated when he was kept in his cell for 17 hours without being able to flush the toilet. Plaintiff

1

asserts that the water was shut off to his cell after plaintiff covered his cell walls, including the area of the food port, with feces. Plaintiff claims that the water was turned on after plaintiff agreed to clean the walls himself. Plaintiff used a scrubber and water, but he was not given gloves. He asserts that dirty water splashed all over him and that he was denied a shower before he ate his dinner. He also claims that that there was no way to wash his hands and that puddles of dirty water collected in his cell, where he was forced to sit.

Plaintiff is a pretrial detainee. As such, he has a liberty interest in freedom from punishment, even though he is detained pending trial. Bell v. Wolfish, 441 U.S. 520, 535 (1979). There is, however, a de minimus level of impingement upon a detainee's liberty interest with which the Constitution is not concerned. Id. at 539 n.21; Dilworth v. Adams, 841 F.3d 246, 252 (4th Cir. 2016)(acknowledging "de minimus" level exists, but finding it was exceeded).

The court finds that plaintiff's claims in Doc. Nos. 19 and 20 do not surpass the de minimus level required for constitutional consideration. "Temporary discomfort alone is not enough." Ingram v. Cole County, 846 F.3d 282, 286 (8th Cir. 2017)(en banc reconsideration pending).

Plaintiff alleges he was denied soap, shampoo, toothpaste and a toothbrush for a limited period of time. The short-term denial

2

of hygienic items, including toothpaste, toothbrushes and toilet paper for 72 hours or sometimes longer do not rise to the level of a constitutional violation. Gilland v. Owens, 718 F.Supp. 665, 685 (W.D.Tenn. 1989). See Peyton v. County of Ventura, 2017 WL 6816355 *3 (C.D.Cal. 8/23/2017)(short-term loss of commissary and visitation privileges is de minimus); see also Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010)(denial of hygiene items for 25 hours and four week periods does not violate Eighth Amendment); Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir. 1988)(no toilet paper for five days, no soap, toothbrush and toothpaste for ten days does not violate Eighth Amendment); Brown v. Stacy, 2016 WL 4014639 *8 (E.D.Ky. 7/26/2016)(denial of soap and toothpaste for nine days does not violate Eighth Amendment, citing cases involving much longer deprivations of hygiene items).

Plaintiff also alleges that his exposure to unsanitary conditions was for less than a day and could have been shortened if he had agreed sooner to clean his cell. These kinds of allegations are insufficient to state a plausible constitutional claim. Twenty-four hours in unsanitary conditions is "too short a time to constitute a due process violation." Beaulieu v. Ludeman, 690 F.3d 1017, 1045 (8th Cir. 2012). A due process violation is also not shown by four days in a cell with the stench of one's own feces where the inmate was offered an opportunity to clean up the mess. Smith v. Copeland, 87 F.3d 265, 268 (8th Cir. 1996); see

3

also <u>Wozniak v. Pricardo</u>, 2012 WL 79016 *3-4 (D.Ariz. 1/11/12)(6 hours in a cell with feces smeared on wall before receiving towels and cleaning solution).  Allegations of water on the floor, bugs, feces, mold and dirty food port doors were insufficient to allege an Eighth Amendment claim where inmates are given the opportunity to clean their cells at least five days a week.  <u>Ward v. Rice</u>, 2018 WL 1278197 *7-8 (W.D.Ark. 3/12/2018).  See also, <u>Dellis v. Corr. Corp. of Am.</u>, 257 F.3d 508, 511 (6th Cir. 2001)(temporary stay in a wet cell without a working toilet does not violate Eighth Amendment); <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1312 (10th Cir. 1998)(no Eighth Amendment violation stated from incarceration in a filthy cell with inadequate ventilation for only 48 hours); <u>Whitnack v. Douglas County</u>, 16 F.3d 954, 958 (8th Cir. 1994)(deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours).

The court further notes that plaintiff does not have a constitutional right to a particular amount or type of cleaning supplies, such as gloves.  <u>Steimel v. Fields</u>, 1995 WL 530610 *3 (D.Kan. 8/21/95); see also <u>Lewis v. Justus</u>, 2016 WL 1555157 *4 (S.D.Ill. 4/18/2016)(denying claim that cleaning supplies were limited to a mop and water).  Plaintiff does not allege facts plausibly showing that the denial of gloves or the conditions of which he complains were punitive and unconstitutional.

In summary, for the above-stated reasons, the court finds that plaintiff's motions to amend fail to allege facts plausibly describing a constitutional violation.  Therefore, plaintiff's motions to amend – Doc. Nos. 19 and 20 – shall be denied.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2018, at Topeka, Kansas.

                              s/Sam A. Crow _____
                              Sam A. Crow, U.S. District Senior Judge