IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

vs.                                                     Case No. 18-3092-SAC

CHEROKEE COUNTY JAIL, et al.,

        Defendants.

## **O R D E R**

This case is before the court for additional screening, pursuant to 28 U.S.C. § 1915A, in light of a Martinez report (Doc. No. 27) which has recently been filed and plaintiff's response to the report (Doc. No. 28).

The court is mindful that:

> "A Martinez report is treated like an affidavit," Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991), and "Martinez reports have been used in this circuit almost exclusively to provide the court preliminary information, furnished by prison administration personnel, in pro se cases brought by prisoners against prison officials," Ketchum v. Cruz, 961 F.2d 916, 920 n. 3 (10th Cir. 1992). Thus, a Martinez report ordinarily is not a motion, much less a motion for summary judgment.

Dickey v. Merrick, 90 Fed.Appx. 535, 537 (10th Cir. 2003). The Tenth Circuit has further commented:

> Generally, "the sufficiency of a complaint must rest on its contents alone." Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010). While there are limited exceptions, Martinez reports don't fall within those exceptions "unless 'the plaintiff challenges a prison's policies or established procedures and the Martinez report's

1

> description of the policies or procedures remains undisputed after plaintiff has an opportunity to respond.'" Id. (quoting Hall, 935 F.2d at 1112).

Winkel v. Hammond, 704 Fed.Appx. 735, 737 (10th Cir. 2017). Thus, in general, the court may not look to the Martinez report to resolve a factual dispute. Id., citing Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993).

I. Screening

The court employs the screening standards and pro se pleading guidelines that the court summarized in the first screening order. Doc. No. 8, pp. 1-2.

    A. Count One

In Count One, plaintiff alleges the denial of his due process rights when on March 17, 2018 he was locked down or placed in segregation for 15 days without a legitimate government purpose. Plaintiff claims that he was denied a disciplinary hearing and that the disciplinary report was not timely written in violation of jail policies.

The Fourteenth Amendment's Due Process Clause prohibits a pretrial detainee from being punished prior to a lawful conviction. Peoples v. CCA Detention Centers, 422 F.3d 1090, 1106 (10th Cir. 2005)(citing Bell v. Wolfish, 441 U.S. 520, 535 (1970)). A pretrial detainee, however, may be subjected to the conditions and

restrictions of incarceration so long as those conditions and restrictions do not amount to punishment.[1] Id.

> The determination of whether a condition of pretrial detention amounts to punishment turns on whether the condition is imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose. If an act by a prison official, such as placing the detainee in segregation, is done with intent to punish, the act constitutes unconstitutional pretrial punishment. . . [N]o process is required if a pretrial detainee is placed in segregation not as punishment but for managerial reasons.

Id. at 1106 (internal quotes and citations omitted).

Upon review, there may be a factual dispute at this point as to the reason plaintiff was placed in segregation. The court believes this claim should proceed beyond the screening stage.

B. Count Two

In Count Two, plaintiff asserts that his due process rights against punishment as a pretrial detainee were violated because he was denied a diet required for medical reasons to prevent plaintiff from losing weight. Plaintiff asserts that he weighed 177 pounds on February 1, 2018 when he was returned to the Cherokee County Jail from the Crawford County Jail. He claims that he weighed 157 pounds on March 29, 2018. He has made other allegations in pleadings in this case that his weight has dropped to 144 pounds or less. E.g., Doc. Nos. 26 & 30.

---

[1] Contrary to the suggestion in the Martinez report, Doc. No. 27, p. 3, the "atypical and significant hardship" test in Sandin v. Conner, 515 U.S. 472 (1995) does not apply to pretrial detainees. Peoples, 422 F.3d at 1106 n.12.

3

The Martinez report indicates that the jail staff follows the recommendations of its contract health care provider, defendant Kristen Wagner, who has at times ordered increased caloric intake for plaintiff and who in 2018 has followed a protocol which ties the allowance of a special diet to an inmate's body mass index (BMI).

Plaintiff's claim in Count Two appears to be the same claim, with fewer defendants, as plaintiff's claim in Count Three of Case No. 18-3135. "District courts have discretion to control their dockets by dismissing duplicative cases." Katz v. Gerardi, 655 F.3d 1212, 1217 (10th Cir. 2011). "[P]laintiffs have no right to maintain two actions on the same subject in the same court." Kanciper v. Suffolk Cty. Soc'y for the Prevention of Cruelty to Animals, Inc., 722 F.3d 88, 93 (2d Cir. 2013)(quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir. 2000)). This court has dismissed a duplicative action in the past. Edmisten v. Kansas, 2008 WL 4540460 *3 (D.Kan. 10/9/2008). That course appears appropriate here. Therefore, the court shall dismiss Count Two as duplicative of Count Three in Case No. 18-3135. Because defendants Manzer and the Manzer Health Clinic relate only to Count Two, they are also dismissed from this case.

C. Count Three

In Count Three, plaintiff alleges illegal retaliation against his right to petition the government. Plaintiff alleges that

4

defendant Wagner and defendant Tippie ceased his medical diet on August 24, 2017, the day after he filed a grievance against defendant Tippie for opening outgoing legal mail. Plaintiff further alleges that he was placed on disciplinary segregation by defendant Wagner and defendant Tippie on August 31, 2017 for stating that he was going to file a grievance and write to a relevant government oversight agency regarding defendant Wagner.

"Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007). "A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient" to establish retaliatory motive. Nielander v. Bd. of Cty. Comm'rs, 582 F.3d 1155, 1165 (10th Cir. 2009).

A plaintiff may be able to establish that a defendant's actions were substantially motivated by protected activity where the allegations show (1) the defendant was aware of his protected

5

activity, (2) the protected activity complained of the defendant's actions, and (3) "the alleged retaliatory act 'was in close temporal proximity to the protected activity.'" Allen v. Avance, 491 Fed.Appx. 1, 5 (10th Cir. 2012)(quoting Gee v. Pacheco, 627 F.3d 1178, 1189 (10th Cir. 2010)). Temporal proximity between protected activity and a challenged prison action, however, does not in itself demonstrate the causal nexus for a retaliation claim. See Leek v. Miller, 698 Fed.Appx. 922, 926 (10th Cir. 2017); Dawson v. Audet, 636 Fed.Appx. 753, 758 (10th Cir. 2016); Strope v. Cummings, 381 Fed.Appx. 878, 883 (10th Cir. 2010); Friedman v. Kennard, 248 Fed.Appx. 918, 922 (10th Cir. 2007).

Upon further review of plaintiff's complaint and the Martinez report, the court finds that plaintiff has not alleged facts plausibly showing that defendant Wagner was aware of his alleged protected activity of August 23, 2017 or that she placed plaintiff on segregation. Because the court has already determined that Count Two should be dismissed as duplicative and defendant Wagner should be dismissed from Count Three, the court shall direct that defendant Wagner be dismissed from this case.

D. Count Six

In Count Six, plaintiff asserts that he was denied his right to observe his religion. Plaintiff claims that he was not allowed in general population, including for church services, in order to separate plaintiff from designated "incompatibles." He asserts

that his "services were cut in half and that some days he was only allowed 10 to 15 minutes" without a legitimate government purpose. As to defendant Judah Ellis,[2] plaintiff alleges that on June 7, 2017 Ellis said he didn't want to hear from plaintiff when plaintiff told him plaintiff wanted to go to a Jehovah's Witness service.

The Tenth Circuit has set forth the following guidance for religious practice claims:

> The First Amendment does not preclude prisons from restricting inmates' religious practices, so long as "prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs." Four factors must guide a court's assessment of the reasonableness of constraints on religious practice:
>
>> First, the court considers whether there is a logical connection between the prison regulation and the asserted penological interest. Second, the court considers whether alternative means of exercising the religious right in question remain open to inmates. Third, the court assesses the impact the accommodation of the right in question would have on guards, other inmates, and on the allocation of prison resources. Fourth, the court considers whether any policy alternatives exist that would accommodate the right in question at de minimis cost to the prison.

Wares v. Simmons, 392 F.3d 1141, 1143 (10th Cir. 2004)(quoting Hammons v. Saffle, 348 F.3d 1250, 1254-5 (10th Cir. 2003)).

---

[2] From the Martinez report in Case No. 18-3135 at Doc. No. 39-3, it appears that a defendant identified in the complaint as "Judah Eliss" should be spelled "Judah Ellis."

Upon review of the Martinez report and further review of plaintiff's complaint, the court concludes that plaintiff has stated a plausible First Amendment claim. The complaint and the Martinez report indicate that penological interests were considered in limiting plaintiff's access to religious services and that alternatives were provided. But, the court cannot properly consider the factors relevant to plaintiff's First Amendment claim on the record before it.

E. Defendant Macafee

Plaintiff has not alleged facts in this case showing that defendant Macafee personally participated in conduct which allegedly violated plaintiff's constitutional rights. For this reason, the court shall direct that defendant Macafee be dismissed from this case.

II. Motion for preliminary injunction

The motion for preliminary injunction recently filed at Doc. No. 30 relates to plaintiff's medical diet claim in Count Two. Because the court is dismissing Count Two as duplicative of Count Three in Case No. 18-3135, the court directs the Clerk of the Court to file a copy of the motion and docket it as a motion in Case No. 18-3135.

III. Conclusion

The court has endeavored again to screen plaintiff's complaint and, in doing so, has considered the Martinez report and

plaintiff's response to the report.  As explained above, the court shall dismiss Count Two and the court shall dismiss defendants Wagner, Macafee, Manzer and the Manzer Health Clinic.  Defendant Judah Eliss's name shall be corrected to read "Judah Ellis."  The Clerk is directed to file Doc. No. 30 as a motion in Case No. 18-3135.  Doc. No. 30 is dismissed without prejudice as a motion in this case.  The Clerk of the Court shall prepare waiver of service forms for the remaining defendants, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to plaintiff absent a finding by the Court that plaintiff is able to pay such costs.

**IT IS SO ORDERED.**

Dated this 11th day of September, 2018, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge