# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-3092-CM-KGG |
| ) | |
| DAVID GROVES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM & ORDER ON
## MOTION TO APPOINT COUNSEL

Now before the Court is the second Motion to Appoint Counsel (Doc. 44) filed by Plaintiff Brian Michael Jones.  Plaintiff is in custody in the Cherokee County, Kansas, jail awaiting trial for first degree murder, aggravated kidnapping, aggravated battery, and aggravated burglary.  He brings the present lawsuit against Defendants, who consist of various jail and/or county officials, alleging denial of due process, denial of a medically necessary diet, retaliation for threatening to file grievances, and denial of the right to practice religion.

1

Plaintiff filed a previous motion to appoint counsel in this case. (Doc. 32.) That motion was denied, without prejudice, by District Judge Sam Crow, who held that

> [t]his case is near the end of the screening stage and to this point plaintiff has done a capable job of representing himself. For the remaining time that this case is assigned to the undersigned judge, the court believes appointment of counsel is unnecessary. This case may be reassigned to another judge in the near future. The court does not wish to tie the hands of another judge as to this question. Therefore, the motion is denied without prejudice.

(Doc. 34, at 1-2.) Within this context, the Court will address Plaintiff's current motion to appoint counsel (Doc. 44).

As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. **Beaudry v. Corr. Corp. of Am.**, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). **Commodity Futures Trading Comm'n v. Brockbank**, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." **Lyons v. Kyner**, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of

plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner***, 979 F.2d at 1421.

As stated above, Plaintiff is an inmate awaiting trial for various violent felonies including kidnapping and murder. His prior Motion to Proceed *In Forma Pauperis* (Doc. 2) was granted by District Judge Sam Crow, who assessed a partial filing fee (Doc. 7). Given these circumstances, the Court finds Plaintiff's financial situation would make it impossible for him to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Given Plaintiff's incarceration, the Court finds that it would be very difficult for him to seek counsel to represent him in this civil lawsuit. As such, this factor will not be determinative.

As for the next factor, the Court has concerns regarding the viability of Plaintiff's claims. *See **McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***,

979 F.2d at 1421. The Court notes that a Motion to Dismiss Plaintiff's claims is currently pending before the District Court. (Doc. 45.)

The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf.* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained and/or incarcerated individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel. As such, the Motion to Appoint Counsel (Doc. 44) is **DENIED**.[1]

---

[1] The Court notes Plaintiff's allegations that jail staff are complicating his efforts to access the law library and seizing his legal materials. (Doc. 44, at 1.) Similar allegations were contained in Plaintiff's prior motion (*see* Doc. 32, at 1), but did not persuade Judge Crow to appoint counsel. The undersigned Magistrate also does not find these allegations to be a basis to appoint counsel.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 44) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of December, 2018.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge