**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BRIAN WATERMAN, )
)
        Plaintiff, )
)
v. )
) Case No. 18-3092-CM-KGG
CHEROKEE COUNTY JAIL, et al., )
)
        Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff Brian Waterman, a prisoner in the Sedgwick County Jail, brings this civil rights action pro se against a number of defendants associated with the Cherokee County Jail. Some defendants have been dismissed from the case, but the following defendants remain: Sheriff David Groves, Michelle Tippie, Thomas DeGroot, Amanda Phillips, and Judah Ellis. The case is before the court on defendants' motion to dismiss (Doc. 45).

Three claims from plaintiff's original complaint remain:

- Count I – Fourteenth Amendment Due Process claim, alleging that plaintiff was placed in segregation on March 17, 2018 and held for fifteen days without a legitimate government purpose;

- Count III – First Amendment retaliation claim against defendant Tippie based on two events:

  o August 24, 2017 cessation of special diet in retaliation for filing a grievance against defendant Tippie for opening outgoing mail, and

-1-

- o August 31, 2017 placement in segregation for stating that he was going to file a grievance and contact a government oversight agency about defendant Wagner (who has been dismissed from the case); and
- Count VI – First Amendment claim regarding plaintiff's right to observe his religion beginning on May 4, 2017.

Defendants have moved to dismiss all of plaintiff's remaining claims. As grounds for dismissal, defendants make the following arguments: (1) all official capacity claims are barred by the Eleventh Amendment; (2) plaintiff fails to state a claim against Sheriff Groves in his individual capacity; (3) plaintiff fails to state a claim against Thomas DeGroot in his individual capacity; (4) plaintiff fails to state a claim in Count I because plaintiff was placed in segregation at his own request for his own safety; (5) plaintiff fails to state a claim against defendant Tippie in Count III because he fails to allege facts showing how defendant Tippie was involved in allegedly retaliatory decisions or that defendant Tippie was aware of the threats made to defendant Wagner; (6) plaintiff fails to state a claim in Count VI because he does not allege that he holds any sincerely held religious beliefs, what those beliefs are, how attending certain religious services would be an expression of those beliefs, how religious services have been unreasonably denied, and who actually denied plaintiff access to services; and (7) in any event, defendants are entitled to qualified immunity for any of the actions complained of by plaintiff. For the following reasons, the court grants defendants' motion in part and denies it in part.

I. **Standards of Review**

Defendants move to dismiss claims both for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as

by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). A party asserting Eleventh Amendment Immunity may move to dismiss under Rule 12(b)(1) because "Eleventh Amendment Immunity concerns the subject matter jurisdiction of the district court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

The court will grant a 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes any reasonable inferences from these facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

When, as here, a plaintiff is proceeding pro se, the court construes his pleadings liberally and holds the pleadings to a less stringent standard than lawyer-drafted pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). Liberal construction does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept as true those allegations that state only legal conclusions. *See id.* at 1110.

**II. Discussion**

    A. <u>Eleventh Amendment Immunity</u>

Defendants first argue that the sheriff and his detention officers are entitled to Eleventh Amendment immunity for the monetary claims against them in their official capacities. The court agrees. Eleventh Amendment immunity bars any monetary relief from defendants in their official capacities. *Allen v. Zavaras*, 474 F. App'x 741, 743-44 (10th Cir. 2012) ("[I]t is well established that the Eleventh Amendment precludes suits in federal court seeking retroactive declaratory or monetary relief from state officials acting in their official capacities."). Both the Tenth Circuit and this court have granted Kansas sheriffs immunity for monetary claims against them. *See Hunter v. Young*, 239 F. App'x 336, 338 (10th Cir. 2007); *Myers v. Brewer*, No. 17-2682-CM, 2018 WL 3145401, at *6 (D. Kan. June 27, 2018). Plaintiff has not offered a valid argument why this court should not also apply Eleventh Amendment immunity to the sheriff and his officers here. *See Hunter*, 238 F. App'x at 338 (applying immunity to sheriff's officer). The court therefore grants defendants' motion as to the claims against defendants in their official capacities.

### A. Claims Against Sheriff Groves

Defendants next argue that plaintiff has failed to allege personal participation by Sheriff Groves—making the claims against him in his individual capacity subject to dismissal. The court agrees.

Plaintiff's allegations against Sheriff Groves are as follows:

- He is the sheriff.
- He is listed among the defendants who placed plaintiff in segregation on March 17, 2018.
- He told one of plaintiff's former attorneys that he was going to move plaintiff out of the jail in 2017 because he knew what the officers were doing.

These allegations are insufficient to show that Sheriff Groves was personally involved with placing plaintiff in segregation or any other alleged constitutional allegation. The allegations are conclusory about Sheriff Groves's involvement, and presumably seek to hold him responsible under a theory of respondeat superior. This is impermissible in a § 1983 action such as plaintiff's. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994). Individual liability under § 1983 must be based on personal involvement. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). "[P]ersonal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (citation omitted). And the law is clear that denial of a grievance is insufficient to constitute personal participation in a constitutional violation. *Gallagher*, 587 F.3d at 1069; *see also Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012). Moreover, plaintiff must allege more than that a defendant was a supervisor or in charge at the jail. A defendant cannot be held liable for money damages in a civil rights action based solely upon his or her supervisory capacity under the theory of respondeat superior. *Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996); *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). The defendant must be actually involved in the constitutional violation.

Plaintiff has failed to show an affirmative link between Sheriff Groves and the alleged constitutional violations. He only makes a single, conclusory allegation mentioning the sheriff, while detailing the actions of others. The court therefore grants Sheriff Groves's motion to dismiss.

### B. Claims Against Thomas DeGroot

The only allegation remaining in plaintiff's complaint about defendant DeGroot is an allegation in Count I that defendant DeGroot "refused to see me." (Doc. 1, at 5.) Plaintiff does not allege that

defendant DeGroot participated in placing plaintiff in segregation or any other alleged unconstitutional acts. This allegation is insufficient to state a claim, and defendant DeGroot is dismissed from this case.

### C. Count I – Placement in Segregation

As noted above, Count I alleges that plaintiff's due process rights were violated when he was locked down or placed in segregation for fifteen days without a legitimate government purpose. Plaintiff claims that he was denied a disciplinary hearing and that the timing of the disciplinary report violated jail policies. He claims that defendant Phillips wrote the report and told him that he was being locked down for "mean mugging and smiling at the inmates, these inmates had been threatening to kill me, beat me to death." (Doc. 1, at 3, 5.)

The Fourteenth Amendment prohibits a pretrial detainee from being punished without due process prior to a lawful conviction. *Peoples v. CCA Detention Centers*, 422 F.3d 1090, 1106 (10th Cir. 2005) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1970)). The does not mean that a pretrial detainee cannot be subjected to the conditions and restrictions of incarceration; but the conditions and restrictions may not constitute punishment. *Id*. The critical question is whether the condition is "imposed for the purpose of punishment or whether it is incident to some other legitimate government purpose." *Id.* (citation omitted). If a prison official acts with intent to punish, the act constitutes unconstitutional pretrial punishment. But if a pretrial detainee is placed in segregation for managerial reasons and not for punishment, then no process is required. *Id*. at 1106 (citation omitted).

When Judge Crow screened plaintiff's complaint, he determined that there may be a factual dispute as to why plaintiff was placed in segregation. This factual issue remains. The remaining defendants in this claim—defendants Tippie and Phillips—have not shown that this claim should be dismissed. They argue that plaintiff was placed in segregation at his own request and for his own safety and that plaintiff has failed to allege facts indicating that his time in segregation was longer than

it would have been but for some illegitimate purpose. But this argument is holding plaintiff to a higher burden than he carries at this point in the litigation. Plaintiff alleges that he was kept in segregation after his initial placement for punitive purposes, and that is sufficient to state a claim.

### D. Count III Against Defendant Tippie – Retaliation

The remaining claim in Count III is that defendant Tippie illegally retaliated against plaintiff for filing a grievance and threatening to file a grievance and write a government agency. Plaintiff claims that defendant Tippie ceased his medical diet on August 24, 2017—the day after plaintiff filed a grievance against defendant Tippie for opening outgoing legal mail. And plaintiff claims that defendant Tippie placed plaintiff in segregation on August 31, 2017, because plaintiff said that he was going to file a grievance and write to a relevant government oversight agency regarding defendant Wagner.

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). "A plaintiff's subjective beliefs about why the government took action, without facts to back up those beliefs, are not sufficient" to establish retaliatory motive. *Nielander v. Bd. of Cty. Comm'rs*, 582 F.3d 1155, 1165 (10th Cir. 2009).

A plaintiff may be able to establish that a defendant's actions were substantially motivated by protected activity where the allegations show (1) the defendant was aware of his protected activity, (2) the protected activity complained of the defendant's actions, and (3) "the alleged retaliatory act 'was in close temporal proximity to the protected activity.'" *Allen v. Avance*, 491 F. App'x 1, 5 (10th Cir. 2012) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010)). But temporal proximity alone

-7-

does not demonstrate the required causal nexus. *See Leek v. Miller*, 698 F. App'x 922, 926 (10th Cir. 2017); *Strope v. Cummings*, 381 F. App'x 878, 883 (10th Cir. 2010); *Friedman v. Kennard*, 248 F. App'x 918, 922 (10th Cir. 2007).

Judge Crow dismissed this claim against defendant Wagner. Plaintiff appears to assume that he dismissed it against defendant Tippie, as well, and does not offer argument why his allegations against defendant Tippie are sufficient to state a claim. After reviewing plaintiff's allegations, the court determines that plaintiff has not connected the alleged retaliatory acts to his protected actions by anything other than temporal proximity. Plaintiff does not allege how defendant Tippie would have been involved in decisions about his medical diet (and instead makes detailed allegations about defendant Wagner taking him off the diet in this and a companion case). And he does not allege that defendant Tippie was even present when plaintiff threatened to file a grievance and write the medical board of directors. The actions lack anything more than a temporal relationship, and the court dismisses Count III against defendant Tippie.

### E. Count VI – Denial of Access to Religious Services

The last remaining claim is Count Six against defendants Tippie and Ellis. In this claim, plaintiff alleges that he was denied the right to observe his religion beginning on May 4, 2017, when plaintiff was again placed in segregation at his own request. According to plaintiff, because prison officials kept him out of the general population to separate him from "incompatibles," plaintiff was denied the right to attend religious services. Plaintiff claims that his "services were cut in half and that some days he was only allowed 10 to 15 minutes" without a legitimate government purpose. He alleges that on June 7, 2017, defendant Ellis said he didn't want to hear from plaintiff when plaintiff told him that plaintiff wanted to go to a Jehovah's Witness service.

"The First Amendment does not preclude prisons from restricting inmates' religious practices, so long as 'prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs.'" *Wares v. Simmons*, 392 F.3d 1141, 1143 (10th Cir. 2004) (quoting *Hammons v. Saffle*, 348 F.3d 1250, 1254–55 (10th Cir. 2003)). The court evaluates the reasonableness of restraints on religious practice using the following factors:

> First, the court considers whether there is a logical connection between the prison regulation and the asserted penological interest. Second, the court considers whether alternative means of exercising the religious right in question remain open to inmates. Third, the court assesses the impact the accommodation of the right in question would have on guards, other inmates, and on the allocation of prison resources. Fourth, the court considers whether any policy alternatives exist that would accommodate the right in question at de minimis cost to the prison.

*Id.* (citations omitted).

When Judge Crow screened plaintiff's complaint, he concluded that plaintiff stated a plausible First Amendment claim. He did not believe that he could properly consider the factors above on the record before him.

Nothing has changed based on the content of defendants' motion to dismiss. Defendants argue that plaintiff has not alleged that he has a "sincerely held religious belief." Even though plaintiff's complaint does not contain these specific words, his allegations are such that the court can infer that his religious belief is sincerely held at this stage of the proceedings. And defendants argue that they have not unreasonably denied services, but this argument relies on acceptance of their position that plaintiff was kept in segregation at his own request and for his own safety—a premise that plaintiff calls into question by alleging that two "incompatibles" (black inmates) were eventually placed in his pod with him during the time he was also denied access to religious services. If plaintiff is believed, then defendants' stated reasons for not allowing plaintiff to attend religious services may not be

credible. The court cannot resolve this issue based on the allegations in the complaint. Finally, defendants argue that the complaint fails to identify with specificity who denied plaintiff access to religious services. But the complaint specifically identified defendant Ellis as an actor, and the complaint alleges that defendant Tippie repeatedly explained in grievances that plaintiff could not attend religious services for security purposes. These allegations are sufficient to state a claim.

F. Qualified Immunity

Qualified immunity protects government officials from individual liability under § 1983 unless their conduct "violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1250 (D. Kan. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting that qualified immunity analysis is identical under 42 U.S.C. § 1983 and *Bivens*). When a defendant raises qualified immunity, the plaintiff must show that (1) the defendant's actions violated a constitutional or statutory right and (2) the right violated was clearly established at the time of the conduct in issue. *Schroeder*, 311 F. Supp. 2d at 1250. The court may consider either prong of the qualified immunity test first. *Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013); *see also Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The court has determined that plaintiff has not stated a claim for constitutional violations for all claims except Count I against defendants Tippie and Phillips and Count VI against defendants Tippie and Ellis. For these two claims, the court determines that plaintiff has stated a constitutional violation. And, if plaintiff's allegations are accepted, the law is clearly established that defendants' conduct violated the constitution. With respect to Count I, the Fourteenth Amendment prohibits a pretrial detainee from being punished without due process prior to a lawful conviction. *See Peoples*, 422 F.3d at 1106. And with respect to Count VI, prison authorities may only restrict an inmate's religious

-10-

practices if they afford the inmate reasonable opportunities to exercise his sincerely held religious beliefs. *Wares*, 392 F.3d at 1143. At this time, the court cannot determine whether defendants afforded plaintiff reasonable opportunities. The court therefore denies qualified immunity without prejudice to being re-raised in a motion for summary judgment.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Doc. 45) is granted in part and denied in part. Sheriff Groves and Thomas DeGroot are dismissed from the case, all official capacity claims are dismissed, and Count III is dismissed. Count I against Michelle Tippie and Amanda Phillips and Count VI against Michelle Tippie and Judah Ellis remain for adjudication.

Dated this 26th day of June, 2019, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**