IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

      Plaintiff,

v.                                                                                     Case No. 18-3092-JWB

CHEROKEE COUNTY JAIL, et al.,

      Defendants.

---

BRIAN MICHAEL WATERMAN,

      Plaintiff,

v.                                                                                    Case No. 18-3135-JWB

BOARD OF COUNTY COMM'RS OF
CHEROKEE COUNTY, KANSAS, et al.,

      Defendants.

**MEMORANDUM AND ORDER**

These stayed consolidated cases are before the court on the following motions, all filed in lead case number 18-3092:

- Plaintiff's Motion to Reconsider Motion to Dismiss, filed October 21, 2019. (Doc. 64.) The docket text erroneously connects this motion to an order in Case No. 18-3092. (Doc. 57.) Defendants filed a response brief to the motion on October 25, 2019, also erroneously referring to the briefing related to Doc. 57. (Doc. 69.) That same day, the case was stayed on Plaintiff's motion until March 16, 2020. (Doc. 70.) No further activity or briefing on the motion has occurred.

- Plaintiff's Motion for Evidentiary Hearing, filed October 21, 2019. (Doc. 66.) The case was stayed before a response was due or filed.

- Plaintiff's Motion to Object, filed October 29, 2019. (Doc. 72.) Plaintiff filed this motion after the stay was in place. No response is due or has been filed.

- Plaintiff's Motion for Relief from a Judgment or Order Under Rule 60(b)(3) Fraud on the Courts, filed December 5, 2019. (Doc. 78.) Plaintiff filed this motion after the stay was in place. No response is due or has been filed.

For the reasons stated herein, the court DENIES the Motion to Reconsider, Motion for an Evidentiary Hearing, and Motion to Object. The court orders a response brief due to Plaintiff's motion for Relief from Judgment on or before June 30, 2020. Any reply brief is due on or before July 31, 2020.

As noted above, the court initially stayed this case through March 16, 2020. On March 13, 2020, Plaintiff requested an additional stay of the case, through July 2020. (Doc. 81.) On March 27, 2020, Judge Gale granted Plaintiff's second request because of developments in Plaintiff's criminal matter and Plaintiff's potential transfer. (Doc. 83.) The case therefore remains stayed.

Because these cases were recently transferred to the undersigned judge, and the above motions have been pending—but not fully briefed—for some time, the court reviewed the motions. All four relate to two orders entered by Judge Carlos Murguia in Case No. 18-3135, Docs. 122 and 148 in that case. Doc. 122 is an order granting in part Defendants' Motion to Dismiss and Doc. 148 is an order denying reconsideration of Doc. 122. Doc. 148 was filed on October 9, 2019 (immediately before the cases were consolidated). Plaintiff's motions appear to be primarily filed in response to that October 9 order.

Three of Plaintiff's four motions allege that Defendants fabricated or altered evidence relating to Counts I and IV, which were dismissed by Doc. 122 in Case No. 18-3135. (Because of the October 2019 consolidation of the cases, though, all four motions were filed in the lead case, Case No. 18-3092.) The content of the four motions, highly summarized, is as follows:

- Doc. 64: Plaintiff asks the court for a second time to reconsider its order dismissing Counts I and IV (Doc. 122), citing evidence tampering and withholding of evidence, among other reasons;
- Doc. 66: Plaintiff asks for an evidentiary hearing on the alleged evidence tampering relating to Docs. 122 and 148;
- Doc. 72: Plaintiff objects to the court's order denying reconsideration of Doc. 122 (Doc. 148); and
- Doc. 78: Plaintiff asks for Rule 60(b) relief based on the allegedly fabricated evidence.

The court believes that leaving all four motions pending for an extended period, and then requiring briefing on all four, is inefficient and unnecessary. The content of the motions is repetitive, and the repetition (combined with the consolidation of the cases) confuses the record. If Plaintiff is entitled to relief on any of the four motions, such relief can be granted by way of ruling on the all-encompassing Motion for Relief from Judgment. (Doc. 78.) The other three are repetitive (and, indeed, repetitive of the already-ruled motion for reconsideration that was denied by Doc. 148 in Case No. 18-3135). If, upon full briefing, the court determines that Doc. 78 has any potential merit, the court can order an evidentiary hearing at that time.

In the interest of efficiency, and to streamline the issues for determination in these cases, the court therefore denies all pending motions but Doc. 78. The court will take up that motion when it is fully briefed. In the meantime, the case remains stayed and no further motions or

briefing should be filed until July 31, 2020, with the exception of the briefing ordered on Plaintiff's Motion for Relief from Judgment. (Doc. 78.)

Plaintiff's Motion to Reconsider Motion to Dismiss is DENIED. (Doc. 64.) Plaintiff's Motion for Evidentiary Hearing is DENIED. (Doc. 66.) Plaintiff's Motion to Object is DENIED. (Doc. 72.)

Plaintiff's Motion for Relief from a Judgment or Order Under Rule 60(b)(3) Fraud on the Courts shall remain pending. (Doc. 78.) Defendants are ordered to respond to this motion on or before June 30, 2020—before the stay is lifted, as the stay was for Plaintiff's benefit. Plaintiff is ordered to file any reply brief on or before July 31, 2020.

IT IS SO ORDERED this 10th day of April, 2020.

                                                    s/ John W. Broomes  
                                                    JOHN W. BROOMES  
                                                    UNITED STATES DISTRICT JUDGE