# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-3092-CM-KGG |
| ) | |
| DAVID GROVES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM & ORDER ON
# <u>MOTION TO APPOINT COUNSEL</u>

Now before the Court is the third Motion to Appoint Counsel (Doc. 86) filed by Plaintiff Brian Michael Jones. Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he was previously incarcerated.

As an initial matter, the Court notes that this case remains stayed, **<u>at Plaintiff's request</u>**, until July 31, 2020. (Docs. 82, 83.) Plaintiff was specifically reminded by the District Court that "no further motions or briefing should be filed until July 31, 2020, with the exception of the briefing ordered on Plaintiff's

Motion for Relief from Judgment." (Doc. 85, at 3-4.) Even so, Plaintiff filed the present motion requesting counsel. In the interests of judicial economy, the Court will address Plaintiff's request. Plaintiff is again, however, instructed that **<u>no further filings are permitted in this case until July 31, 2020</u>**. (Doc. 78.)

The Court also notes that Plaintiff has filed two previous motions to appoint counsel in this case. (Doc. 32, 44.) The first motion was denied, without prejudice, by District Judge Sam Crow, who held that

> [t]his case is near the end of the screening stage and to this point plaintiff has done a capable job of representing himself. For the remaining time that this case is assigned to the undersigned judge, the court believes appointment of counsel is unnecessary. This case may be reassigned to another judge in the near future. The court does not wish to tie the hands of another judge as to this question. Therefore, the motion is denied without prejudice.

(Doc. 34, at 1-2.) The second motion was denied by the undersigned Magistrate Judge, holding that there is

> no basis to distinguish Plaintiff from the many other untrained and/or incarcerated individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.

(Doc. 47, at 4.) Within this context, the Court will address Plaintiff's current motion to appoint counsel (Doc. 86).

The Court again states that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court." ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Court incorporates the portion of its prior Order discussing the four factors the Tenth Circuit has identified for a court deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. (Doc. 47, at 2-4 (citing ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) and ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992).) In the context of this analysis, the Court finds that nothing submitted in Plaintiff's present motion changes the Court's opinion that the request for counsel should be denied.

Plaintiff has provided additional details and examples as to how Defendants are allegedly interfering with his ability to prosecute this case, particularly by

denying him access to his legal materials. (*See generally* Docs. 86 and 86-1.) Similar allegations were contained in Plaintiff's prior two motions requesting counsel (Doc. 32, at 1, Doc. 44, at 1), but did not persuade Judge Crow or the undersigned Magistrate Judge to appoint counsel (*see* Doc. 34, Doc. 47, n.1). The undersigned Magistrate again does not find these allegations to be a basis to appoint counsel.

As it held in the Order on the second motion to appoint counsel, the Court again sees no basis to distinguish Plaintiff from the many other untrained and/or incarcerated individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. The fact that an attorney might present this case more effectively than Plaintiff is able to do representing himself *pro se* does not warrant appointment of counsel. As such, Plaintiff's third Motion to Appoint Counsel (Doc. 86) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 86) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 5th day of May, 2020.

                                              S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge