IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,       )
                              )
           Plaintiff,         )
                              )
vs.                           )   Case No. 18-3092-JWB-KGG
                              )
DAVID GROVES, *et al.*,       )
                              )
           Defendants.        )
_____)

**MEMORANDUM & ORDER DENYING**
**MOTION TO CONTINUE AND TO RECUSE**

Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he was previously incarcerated. Plaintiff has filed a motion to continue all proceedings except his request for appointment of counsel and his request for a preliminary injunction. (Doc. 97.) The Magistrate Judge also interprets the content of this pleading as a motion for the Magistrate Judge to recuse himself. For the reasons set forth below, both motions are **DENIED**.

1

**A.     Background.**

These two consolidated cases were filed by Plaintiff, *pro se*, in 2018 and consolidated in October of that year. The Complaints allege violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial. Since filing, the cases have meandered through four District Judges and two Magistrate Judges on a never-ending series of motions; some, but not all, initiated by Plaintiff.

Plaintiff has been diligent and aggressive in attempting to prosecute these cases. A series of motions to dismiss and motions for summary judgment have been briefed and decided, narrowing the issues and reducing the responding defendants. Plaintiff has made repeated motions for appointment of counsel, all of which have been denied. He has also attempted to use this court to control present conditions and complaints at the jail. These attempts have been unsuccessful. Plaintiff has expressed increased frustration in not receiving evidence from the defense to support his cases.

**B.     Brief Explanation of Federal Civil Procedure.**

A civil lawsuit in Federal Court has four phases. The first phase is the pleadings phase. In this phase, the plaintiff files his Complaint, service on the defendants is accomplished, and the defendants file responsive pleadings.

The purpose of this first phase of the case is to clarify and define the parties' initial claims and defenses. In the present consolidated cases, we have been in this phase for more than two years. Defendants filed motions to dismiss, which have been partly granted. Also, in this phase, Plaintiff has filed a series of motions to amend his Complaint to add or clarify claims and to add parties. These, also, have been partly granted. There remains a pending motion that may properly be considered part of this phase (the Motion for Relief from Judgement, Doc. 78, which is not yet ripe for decision). The filing of these motions has caused the first phase of the present litigation to last longer than is typical (and, likely, has resulted in some of Plaintiff's frustration). However, the case appears to be in a place now where the parties could proceed to the next phase of litigation.

The second phase of the case is the discovery phase. In this phase, the parties use discovery procedures (interrogatories, requests for production of documents, requests of admission, written and oral depositions, *see* Fed.R.Civ.P. 30, 31, 33, 34, 36) to obtain facts, documents or other evidence from each other to assist them in proving their claims.

Plaintiff, in his filings, has expressed frustration about not being able to obtain evidence from Defendants. However, Plaintiff has had no real opportunity to obtain evidence (other than that provided in the two Martinez reports or attached to Defendants' various motions) **because the discovery phase has not yet begun**

3

**in this litigation**.  Plaintiff and Defendants are entitled to discovery, and the Magistrate Judge is concerned that further delay in providing the opportunity for discovery will compromise the quality and quantity of the evidence available.

This discovery phase is initiated by two events.  The first is conference between the parties to develop a discovery plan and case schedule.  This conference is ordered by the Magistrate Judge once phase one is reasonably concluded.  The second event is the Scheduling Conference with the Magistrate Judge, at which a Scheduling Order is entered by Magistrate Judge to schedule the discovery in the case.  *See* Fed.R.Civ.P. 16.  At the end of phase two, the Magistrate Judge (or the District Judge) works with the parties to enter a Final Pretrial Order, which prepares the case for the final two stages.

The third stage, which typically occurs after the discovery phase is complete, is the dispositive motion stage, particularly motions for summary judgment.  During this stage, the parties may file motions to limit, or eliminate, claims and defenses.  It is possible for the case to be entirely decided at this stage.  To support dispositive motions, the parties file briefs supported by affidavits and by evidence they have collected during discovery.  The District Judge rules on these motions.

If the case is not decided on summary judgment, the fourth and final stage is the trial stage, which includes the trial as well as some pretrial motions that may

determine what evidence will be allowed, how legal issues will be viewed, and other issues.  The District Judge presides over the trial stage.

**C.     Motion for a Stay.**

Plaintiff does not make a compelling argument for an additional stay.  First, he only proposes to stay some procedures and not others, allowing him to use the litigation while handcuffing Defendants.  Further, he has a poor history of honoring the previous stay order.  He persisted in filing pleadings in violation of the stay he requested.  Additionally, there is no apparent end to the requested stay.  He has no trial date in his criminal case and he does not identity any time or event at which this matter should proceed.  It is unfair to the parties not to move this matter towards resolution.

Finally, Plaintiff expresses repeated frustration about not being able to obtain evidence from Defendants.  This cannot be helped if the Court does not move this case into the discovery phase, discussed above, in which both parties may conduct discovery.  The witnesses are not getting any younger and the evidence is not getting any fresher.  Plaintiff's request for a continuance is **DENIED**.

**D.     Motion for Recusal.**

While the Magistrate Judge understands that Plaintiff is frustrated with the Court's rulings, this does not constitute a reason for recusal. As recently explained by District Judge Eric Melgren,

> there are two federal statutes that dictate the circumstances under which a federal judge should recuse. Section 144 of Title 28 of the United States Code provides that a judge should recuse if the party seeking recusal submits a 'timely and sufficient affidavit' illustrating that the judge has a personal bias or prejudice towards a party. 28 U.S.C. §144. Similar to §144, §455(b)(1) of the same title provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. §455(b)(1). However, unlike §144, §455(b)(1) does not include the requirement of a timely and sufficient affidavit. 28 U.S.C. §455(b)(1). Further, §455(a) states that a judge should recuse himself if the judge's 'impartiality might reasonably be questioned.' 28 U.S.C. §455(a). Accordingly, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, see 28 U.S.C. §144, 455(b)(1); or (2) the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. §455(a).

*Lynn v. Lundry*, No. 20-3116-EFM, 2020 WL 3270547, at *1 (D. Kan. Jun 17, 2020). Plaintiff has not established either of these reasons for recusal.

For the reasons stated in the ruling on Plaintiff's previous motion for recusal, the motion is **DENIED**. (*See* Case No. 18-3135, Doc. 143.) Again, the Magistrate Judge reminds Plaintiff that his rulings are subject to appeal through objection to the District Judge within 14 days of the ruling. Fed.R.Civ.P. 72(a).

Plaintiff's motion for continuance, and for recusal of the magistrate judge, is, therefore, **DENIED**.  The parties will be receiving an order from this Court setting a deadline for them to meet for their conference and setting the Scheduling Conference with the Magistrate Judge.

IT IS THEREFORE ORDERED that Plaintiff's "Motion to Continue All Proceedings Except Counsel an[d] Preliminary Injunction" (Doc. 97) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of June, 2020.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
