IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN

           Plaintiff,

v.                Case Nos. 18-3092-JWB-KGG (Lead Case) & No. 18-3135-JWB-KGG

DAVID GROVES, *et al.*,

           Defendants.

## MEMORANDUM AND ORDER

These consolidated cases are before the court on the following motions, all filed in the lead case No. 18-3092:

- Plaintiff's Motion for Relief from a Judgment or Order Under Rule 60(b)(3) Fraud on the Courts, filed December 5, 2019. (Doc. 78.) Defendants filed a timely response brief on June 29, 2020. (Doc. 107.)

- Plaintiff's Motion to Appoint Counsel, filed May 8, 2020. (Doc. 89.)

- Plaintiff's Notice of Complaint Against Magistrate Judge, filed May 11, 2020. (Doc. 90.)

- Plaintiff's Notice of Complaint Against Magistrate Judge, filed May 28, 2020. (Doc. 92.)

- Plaintiff's Motion for Preliminary Injunction, filed June 8, 2020. (Doc. 95.)

- Plaintiff's Objection to Order of Magistrate Judge, responding to Doc. 87 Order on Motion to Appoint Counsel, filed June 25, 2020. (Doc. 104.)

- Plaintiff's Objection to Order of Magistrate Judge, responding to Doc. 99 Order on Motion to Continue, filed June 25, 2020. (Doc. 105.)

- Plaintiff's Objection to Order of Magistrate Judge, responding to Doc. 99 Order on Motion to Continue, filed June 29, 2020. (Doc. 108.)

- Plaintiff's Motion to Recuse Judge Kenneth G. Gale, filed July 9, 2020. (Doc. 111.)

For the reasons stated herein, the court DENIES the Motion for Relief from Judgment, Motion to Appoint Counsel, all three Objections, and the Motion to Recuse. The court STRIKES both Notices of Complaints. The court orders defendants to respond to Plaintiff's Motion for Preliminary Injunction on or before July 27, 2020.

**I.     Procedural History**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[1] The complaints are brought under title 42 of the United States Code section 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail, in which Plaintiff has been confined pending a criminal trial. Since filing, Plaintiff has flooded the court with a seemingly endless stream of motions, ignoring multiple stay orders that he personally requested. (*See* Docs. 65, 81, 97.)[2] The most recent stay was set to expire July 31, 2020. (Doc. 83.) However, given Plaintiff's transparent efforts to bind defendants with a stay while continuing his own litigation efforts unabated, the magistrate judge assigned to these cases lifted the stay and entered a scheduling order to commence discovery on June 25, 2020. (Doc. 106.)

---

[1] The court dismissed some of the claims in No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward. *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

[2] All citations to the record refer to the lead case unless otherwise specified.

1

**II.     Standard**

Since Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Analysis**

**A.      Motion for Relief from Judgment (Doc. 78.)**

Count I in Case No. 18-3135 asserts a claim against Aryek Smith for excessive force, which was subsequently dismissed. (No. 18-3135, Doc. 53; Doc. 122 at 8-9, 12.) Plaintiff then sought relief under Fed. R. Civ. P. 60(b)(3) for fraud on the court based on allegedly fabricated evidence. (Doc. 78.) "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996). Further, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court." *Weese*, 98 F.3d at 552-53. Fraud on the court occurs when the fraud "is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002). Importantly, allegations of fraud that did not affect the decision from which relief is sought are insufficient to establish fraud on the court. *Szczygiel v. Rice*, No. 06-3037-JTM, 2009 WL 413367, at *2 (D. Kan. Feb. 18, 2009).

Plaintiff's theory is based on an allegedly fraudulent video playing a role in the dismissal. Plaintiff believes that the absence of audio on the first portion of the video in question is a result of alteration. Further, Plaintiff makes the bald assertion that prison officials took the time to substitute the middle portion of the video with a re-enactment—employing a stunt double to pose as Plaintiff—to alter the video to fit their narrative. (Doc. 78.) However, the video Plaintiff is concerned with played no part in the dismissal of Count I by Judge Murguia. (No. 18-3135, Doc. 122.) Judge Murguia expressly stated, at least twice, that the videos were not considered in deciding the contested motion. (*Id*. at 3, 8.) Rather, Judge Murguia assumed the facts alleged by Plaintiff as true and still dismissed the claim on the second prong of the qualified immunity analysis because Plaintiff had failed to meet his burden of showing a single bare-handed push to a seemingly resisting inmate would violate the Constitution. (No. 18-3135, Doc. 122.) Since any alleged video tampering played no role in the judgment Plaintiff fails to show fraud on the court, and his Motion for Relief from Judgment is accordingly denied.

### B. Motion to Appoint Counsel (Doc. 89)

Plaintiff, for the fourth time, is denied appointment of counsel. (Docs. 34, 47, 87.) "[A] district court has discretion to request counsel to represent an indigent party in a civil case" under 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008); *see also Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) (noting in civil cases there is no constitutional right to appointed counsel.) The decision of appointing counsel "is left to the sound discretion of the district court*." Lyons v. Kyner*, 367 F. App'x 878, 883 n.9 (10th Cir. 2010).

The Tenth Circuit has identified four factors to consider in deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in

3

searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. (Doc. 47 at 2-4 (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) and *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).) Once again, the court finds nothing submitted in Plaintiff's current motion that suggests counsel should be appointed.

Since the Plaintiff is proceeding *in forma pauperis* and is currently incarcerated, the court notes the first two factors will not be determinative. However, the merits of the plaintiff's claims center around factual issues that the Plaintiff can investigate—especially since the discovery phase of litigation has begun. *McCarthy*, 753 F.2d 838. Furthermore, one need only look to the consolidated case record to recognize Plaintiff is more than capable of drafting and filing legal documents with the court. There is no constitutional right to counsel in a civil case, *see Beaudry*, 331 F.3d at 1169, and the mere possibility that an attorney might present this case more effectively than Plaintiff can do so representing himself *pro se* does not warrant appointment of counsel. Thus, Plaintiff's motion for appointment of counsel is denied.

### C.     Objection to Magistrate Judge's Orders

The court finds Magistrate Judge Gale has not issued any order (Docs. 87 and 99) that is clearly erroneous or contrary to law and therefore denies all three of Plaintiff's objections (Docs. 104, 105, and 108.) Under Fed. R. Civ. P. 72(a), parties must file an objection to an order within 14 days after being served with a copy. If timely, the district judge must then "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States*

4

*v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quotation omitted). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quotation omitted).

Plaintiff's first objection (Doc. 104) was filed on June 25, 2020 making it well past the 14-day response time since the magistrate judge's order (Doc. 87) was filed and mailed to Plaintiff on May 5, 2020. Accordingly, the court will not consider it. Plaintiff's other two objections (Docs. 105 and 108) were both timely filed and both objected to the same order (Doc. 99) from the magistrate judge. The Plaintiff asks the court to grant a stay order to give him more time to gather evidence and build his case. The magistrate judge did not find Plaintiff's arguments for an additional stay compelling as: (1) he only wanted a stay order as to some procedures and not others; (2) he has a poor history of honoring his previous stay orders; (3) there was no identified stop date for the proposed stay order; and (4) the only way to satisfy Plaintiff's expressed and repeated frustrations about not being able to obtain evidence from Defendants is to move the case into the discovery phase. (Doc. 99 at 5.) Plaintiff has shown no error with respect to the magistrate judge's ruling. Indeed, this case had been stayed since March 2020. (Doc. 83.) Nevertheless, Plaintiff ignored the stay and filed an incessant barrage of mostly meritless motions. If Plaintiff is not going to honor a stay, no one else should be forced to either. The wisdom of Judge Gale's ruling is self-evident. Plaintiff's objections are overruled.

### D. Motion to Recuse and other Allegations Against the Magistrate Judge

In his Motion to Recuse Kenneth G. Gale (Doc. 111), Plaintiff makes a number of unsupported scandalous accusations against Magistrate Judge Gale and argues for recusal under

5

28 U.S.C. § 455.  Motions to recuse are ordinarily directed to the judge whose recusal is sought. *See* 28 U.S.C. § 455 ("Any . . . magistrate judge of the United States shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned." (Emphasis added).); *see also United States v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.")  However, Plaintiff has already filed at least one motion to recuse Magistrate Judge Gale, (Case No. 18-3135 Doc. 141), and the magistrate judge recently interpreted another of Plaintiff's motions as a motion to recuse.  (Case No. 18-3092 Doc. 97.)  Magistrate Judge Gale denied both motions.  (Case No. 18-3135 Doc. 143; Case No. 18-3092 Doc. 99).  Given that the magistrate judge has already ruled on this issue twice, and once shortly before Plaintiff filed the present motion, the undersigned will address this motion rather than ask Magistrate Judge Gale to repeat his analysis yet a third time.

> As recently explained by Judge Melgren,
>
> > there are two federal statutes that dictate the circumstances under which a federal judge should recuse.  Section 144 of Title 28 of the United States Code provides that a judge should recuse if the party seeking recusal submits a 'timely and sufficient affidavit' illustrating that the judge has a personal bias or prejudice towards a party.  28 U.S.C. §144. Similar to §144, §455(b)(1) of the same title provides that a judge should recuse if the judge has a personal bias or prejudice towards a party.  28 U.S.C. §455(b)(1).  However, unlike §144, §455(b)(1) does not include the requirement of a timely and sufficient affidavit. 28 U.S.C. §455(b)(1).  Further, §455(a) states that a judge should recuse himself if the judge's 'impartiality might reasonably be questioned.' 28 U.S.C. §455(a). Accordingly, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, *see* 28 U.S.C. §144, 455(b)(1); or (2) the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. §455(a).

*Lynn v. Lundry*, No. 20-3116-EFM, 2020 WL 3270547, at *1 (D. Kan. Jun 17, 2020).

6

By contrast, "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification.'" *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir.1992)).

Plaintiff fails to establish any legitimate reason for recusal. Instead, Plaintiff complains generally about Magistrate Judge Gale's rulings in these cases. But Plaintiff's allegations do not stop there. He couples his gripes with baseless fantasies about lies, conspiracies, and bribery. Magistrate Judge Gale's most recent order on this topic was a model of propriety. He went out of his way to explain to Plaintiff the phases of a civil case and, in particular, why it was important to deny Plaintiff's request for yet another stay so that this case could instead proceed into the discovery phase. (Doc. 99 at 2-5.) The magistrate judge explained that commencing discovery was key to allowing Plaintiff to obtain evidence from Defendants, and specifically to explore his grievances that certain evidence had been stolen from him by jail personnel. If such evidence has been taken from him, discovery will vest him with the tools to recover it. Yet, in spite of all that, Plaintiff persists in hurling an artillery barrage of pejoratives at Magistrate Judge Gale in an obvious effort to impugn his good character.

Let me make myself clear. The court warns Plaintiff in the strongest terms that if he continues to file outrageous and unsubstantiated allegations against a sitting federal magistrate judge—or any judicial officer—the court will impose sanctions on him, whether for contempt or for violating Rule 11 of the Federal Rules of Civil Procedure. Those sanctions may include dismissal of both cases covered by this order. This ruling applies not only to further motions to recuse, but to any filing in these cases. Plaintiff has made a habit of seeding his filings with accusations against Magistrate Judge Gale. The court will not dignify those remarks by further quoting them. (*See* Docs. 100, 104, 105, 108, 109, 110, 111.) Suffice it to say that this unsavory

practice will end now, one way or the other.  Plaintiff's Motion to Recuse is DENIED.  Further misconduct will be dealt with decisively.

### IV. Conclusion

Plaintiff's Motion for Relief from Judgment (Doc. 78) is DENIED.  Plaintiff's Motion to Appoint Counsel (Doc. 89) is DENIED.  Plaintiff's Notices of Complaints (Docs. 90 and 92) are STRICKEN.  Plaintiff's three objections to the Magistrate Judge's orders (his "Motions to Object") (Docs. 104, 105, and 108) are OVERRULED.  Plaintiff's Motion to Recuse (Doc. 111) is DENIED.  Defendants are ordered to respond to Plaintiff's Motion for Preliminary Injunction (Doc. 95) on or before July 27, 2020.

IT IS SO ORDERED this 17th day of July, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE