# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-3092-JWB-KGG |
| ) | |
| DAVID GROVES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM & ORDER GRANTING IN PART
## MOTION FOR RULE 35 EXAM

Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he is (and was previously) incarcerated. Plaintiff has filed a motion requesting a medical examination of himself pursuant to Fed.R.Civ.P. 35. (*See* Doc. 115.) For the reasons set forth below, the motion is **GRANTED in part**.

**A.     Background.**

These two consolidated cases were filed by Plaintiff, *pro se*, in 2018 and consolidated in October of that year. The Complaints allege violations by persons

1

connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial.  The litigation has, thus far, consisted of a never-ending series of motions.

In regard to the present motion, Plaintiff contends that Defendants "have claimed … that Plaintiff was purging his food up twice a day for about a year to drop weight, for a medical diet." (Doc. 115, at 1.)  Plaintiff denies this and contends that Defendants have not provided any medical evidence to support these claims.  (*Id*.)  Plaintiff continues that it "would be medically impossible to hide such a medical condition from an oral surgeon" because stomach acid would damage the enamel on his teeth.  (*Id*.)  As such, Plaintiff seeks a medical examination of himself pursuant to Fed.R.Civ.P. 35.  Plaintiff suggests Dr. Matthew C. Lowe, located in Pittsburg, Kansas, at a time to be coordinated by Dr. Lowe and Defendants.  (*Id*., at 2.)

**B.     Brief Explanation of Federal Rule of Civil Procedure 35.**

Rule 35 of the Federal Rules of Civil Procedure governs physical and mental examinations.  The rule states, in relevant part, that "[t]he court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Parties have no inherent right to this

examination; the court must grant permission. ***Thiessen v. Gen. Elec. Capital Corp.***, 178 F.R.D. 568, 570 (D. Kan. 1998).

Rule 35 was designed to allow a party to seek a medical examination of an adversarial party whose mental or physical condition is in controversy.[1] It was not designed to allow a party to seek an examination of him- or herself. While there is nothing in the language of the Rule *prohibiting* a party from requesting a medical examination of him- or herself, the process is unnecessary. A litigant is free to have him- or herself examined by a doctor of his or her choosing as he or she sees fit without permission of the Court.

Plaintiff's situation is unusual, however, in that he is incarcerated and cannot simply attend an appointment at his leisure. Further, Defendants did not respond to Plaintiff's motion, meaning the Court will consider the issue to be uncontested. *See* D. Kan. Rules 6.1(d)(1), 7.4.

As such, the Court instructs Defendants that 1) if Plaintiff is able procure an appointment with Dr. Lowe (as identified in Plaintiff's motion) and 2) if Dr. Lowe is willing to examine Plaintiff, Defendants are to coordinate with Plaintiff and Dr. Lowe to facilitate Plaintiff's attendance at the appointment. Defendants will not,

---

[1] *See e.g.* ***Clancy v. Shanahan***, No. 18-4106-HLT, 2019 WL 1406281, at *1 (D. Kan. March 28, 2019) (citations omitted) (holding that to obtain permission for a Rule 35 exam, a "defendant must show that 1) plaintiff's mental condition is in controversy and 2) that good cause exists to conduct the examination" and that "defendant must provide more than mere conclusory allegations" to meet these requirements).

3

however, be responsible for paying for Plaintiff's examination by Dr. Lowe. If counsel for Defendants attests (submitted in writing to Plaintiff) that they are not making such a contention about Plaintiff in this lawsuit, however, this appointment will be unnecessary and Defendants will be under no obligation to facilitate its occurrence.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Rule 35 Examination (Doc. 115) is **GRANTED in part**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 6th day of August, 2020.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge