IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN

           Plaintiff,

v.                                               Case No. 18-3092-JWB-KGG (Lead Case)
                                                      & No. 18-3135-JWB-KGG

DAVID GROVES, *et al.*,

           Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on the Plaintiff's motion for preliminary injunction (Doc. 95) and motion to object (Doc. 122). These motions have been fully briefed and are ripe for decision. (Docs. 116, 117.) For the reasons stated herein, the Plaintiff's motions are DENIED.

**I.    Procedural History**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[1] The complaints are brought under title 42 of the United States Code section 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail, in which Plaintiff has been confined pending a criminal trial. Since filing, Plaintiff has flooded the court with a seemingly endless stream of motions, ignoring multiple stay orders that he personally requested. (*See* Docs. 65, 81, 97.)[2] The most recent stay was set to expire July 31, 2020. (Doc. 83.) However, given Plaintiff's efforts to bind defendants with a stay while continuing his own

---

[1] The court dismissed some of the claims in No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward. *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.
[2] All citations to the record refer to the lead case unless otherwise specified.

litigation efforts unabated, the magistrate judge assigned to these cases lifted the stay and entered a scheduling order to commence discovery on June 25, 2020.  (Doc. 106.)

In the companion case, Plaintiff filed three motions asking for a preliminary injunction over alleged weight loss and medical neglect.  (No. 3135, Docs. 7, 19, 44.)  Additionally, Plaintiff filed another three motions seeking preliminary injunctions concerning various jailhouse issues.  (No. 3135, Docs. 57, 65, 86.)  All six motions were denied.  (No. 3135, Docs. 14, 20, 47, 102.)  Plaintiff has also filed nine motions for appointment of counsel.  (No. 3092, Docs. 32, 44, 86, 89; No. 3135, Docs. 12, 46, 59, 123, 140.)  Despite having every motion denied Plaintiff filed motions to reconsider some of these denials, which were also denied.  (No. 3092, Docs. 91, 94; No. 3135, Doc. 133.)

## II.   Analysis

Since Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Additionally, the court is "mindful of the primary management role of prison officials who should be free from second guessing or micro-management by the federal courts."  *Estate of DiMarco v. Wyoming Dept. of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

### A. Motion for Preliminary Injunction (Doc. 95.)

Plaintiff has failed to establish any of the required factors for a preliminary injunction. The court will only grant a preliminary injunction after the Plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

While it is unclear what relief Plaintiff seeks in his preliminary injunction—besides appointment of counsel—he generally complains of weight loss due to an improper diet. (Doc. 95.) Plaintiff claims he will suffer extreme weight loss if left "at the mercy of two very ruthless women, Michelle Tippie and Kristin Wagner." (*Id.*) Liberally construing Plaintiff's motion, it appears he is asking the court to order a caloric surplus diet be provided to him. (*Id.*) Seeking an injunction concerning his diet could be proper, as Count III of Case No. 3135 claims an unconstitutional dietary policy against defendants Kristin Wagner and Danny Davis.[3] (No. 3135, Doc. 53.) However, Plaintiff's various—unrelated—gripes concerning stomach pain, appointment

---

[3] Count III was dismissed as to defendants Michelle Tippie and David Groves, which makes them improper subjects of a preliminary injunction. (No. 3135, Doc. 122.)

of counsel, other inmates being bitten by spiders, jailhouse politics, dismissed defendants, or his own medical assessments of other inmates has no place in the present motion. (Docs. 95, 100.) These complaints are completely unrelated to the remaining counts within the consolidated cases and could only serve as improper grounds for granting a preliminary injunction. The court construes Plaintiff's motion as one asking for implementation of a new dietary policy and next turns to applying the above-mentioned factors.

### 1. Likelihood of Success

Plaintiff has failed to allege facts establishing a substantial likelihood of success on the merits. In June 2020, Plaintiff was seen by the nurse and noted as having a BMI of 22.82. (Doc. 116-1 at 3.) The court has already taken judicial notice of the fact that a BMI between 18.5 and 24.9 is normal. (No. 3135, Doc. 122 at 5.) It is hard to imagine a world in which Plaintiff could succeed in establishing that he requires a special diet to avoid irreparable harm when he is already within a healthy weight range. Plaintiff, being within a healthy BMI index, has failed to establish any likelihood of success on the merits, let alone a substantial likelihood.

### 2. Irreparable Harm

Plaintiff has not demonstrated an irreparable harm in the absence of an injunction. A harm is "irreparable" when monetary relief after a full trial would be inadequate. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012). The harm must be both "concrete and imminent." *Id*; *see also Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (holding movant "must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief"). Here, Plaintiff has failed to establish an imminent harm stemming from his diet. As noted above, Plaintiff is within a healthy BMI index and has not alleged an irreparable harm

that would arise from being kept within this index. The court is left to speculate what physical injury Plaintiff would suffer in the absence of an injunction and thus does not find Plaintiff is likely to suffer an irreparable harm.

### 3. Balance of Harms

Plaintiff has failed to show the balance of equities tips in his favor. Under the heightened scrutiny standard, Plaintiff must make a strong showing that the balance of harms tips in his favor. *Awad*, 670 F.3d at 754. Plaintiff does not even attempt to make such an argument. Instead, Plaintiff spends his time reciting various unrelated grievances with jail staff. (Doc. 95.) Thus, Plaintiff has failed to demonstrate a strong showing of the balance of harms tipping the scales in his favor.

### 4. The Public Interest

Finally, Plaintiff has failed to show why the court should become involved in jailhouse operations. It is in the public's interest to afford "great deference to jail officials in managing the day-to-day operations of a jail." *Heistand v. Coleman*, 2008 WL 5427772, at *6 (D. Kan. Dec. 31, 2008). This factor has been relied upon in denying injunctive relief against prison officials. *Id*; *see also Cox v. Denning*, 2013 WL 1687094, at *2 (D. Kan. April 18, 2013). Here, Plaintiff once again fails to make any argument concerning the public's interest in giving deference to jail officials over management of operations. With the public having an interest in deferring to the judgment of jail officials and Plaintiff failing to offer any reasons why this interest would not be infringed, Plaintiff's motion fails the fourth factor.

### B.     Motion for Reconsideration (Doc. 122.)

Plaintiff, for the fourth time, has failed to show why his excessive force claim against Ayrek Smith should be revived. The court construes Plaintiff's motion as one seeking reconsideration under District of Kansas Rule 7.3(b). "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating same three grounds for a Rule 59(e) motion to reconsider a non-dispositive order). A motion for reconsideration is not appropriate to repeat arguments or advance arguments that could have been raised previously. *Servants of Paraclete*, 204 F.3d at 1012.

Here, Plaintiff simply rehashes arguments the court already considered in dismissing Ayrek Smith. He does not advance any change in law or new evidence. Instead, Plaintiff continues to assert that "the body camera [footage] was pieced together by the defendants and these attorneys and submitted to the courts." (Doc. 122.) In a previous order (Doc. 113), the court explained in detail the requirements for establishing fraud upon the courts. Plaintiff makes no effort to revise his argument as he simply repeats the same legal conclusions from his original motion. (Doc. 78.) Accordingly, the court denies Plaintiff's motion to reconsider.

C.     **Summons Issue**

Recently, the court became aware of confusion amongst the parties over the remaining claims and defendants. Judge Crow, in October 2018, directed the Clerk of the Court to prepare waiver of service forms for the defendants named in the amended complaint—including Kristin Wagner and Danny Davis. (No. 3135, Doc. 54.) However, despite waivers being sent, Wagner and Davis never returned them, and the docket does not mention defendants again for almost a year until Judge Murguia noted a waiver of service or a return of service had not been filed for

6

Kristin Wagner. (No. 3135, Doc. 114.) With neither side raising the issue, the case moved along and eventually Count III of Plaintiff's Amended Complaint was dismissed against all defendants except for Kristin Wagner and Danny Davis. (No. 3135, Doc. 122.)

Generally, a plaintiff has 90 days after filing his complaint to serve process upon a defendant. Fed. R. Civ. P. 4(m). This burden is reduced for individuals proceeding *in forma pauperis* as the court is required to appoint "a United States marshal or deputy marshal or a personal specially appointed by the court" to effectuate service. Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) (stating "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.") While some courts of appeal have held that a court's obligation to attempt service on behalf of an indigent party is only triggered by the plaintiff's request, *see, e.g., Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992); *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1991), the Tenth Circuit has held that amendments to Rule 4 have obviated the need for such a request. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 1 (10th Cir. 2003). Accordingly, the court will direct the clerk to issue summons to defendants Wagner and Davis for service by the United States Marshal. Plaintiff previously provided addresses for these two defendants. (No. 3135, Doc. 62.) Plaintiff is reminded that it is his responsibility to provide current addresses for service on these defendants. Therefore, to the extent the addresses previously provided are no longer valid, Plaintiff is directed to provided updated addresses to the court.

### III.     Conclusion

Plaintiff's Motion for Preliminary Injunction (Doc. 95) is DENIED. Plaintiff's Motion to Object for Fraud Upon the Courts (Doc. 122) is DENIED. The clerk of the court shall prepare and transmit summons and copies of the complaint to the United States Marshals Service for service

upon Defendants Kristin Wagner and Danny Davis under Fed. R. Civ. P. 4(c)(3), such service is to be accomplished by September 28, 2020.

IT IS SO ORDERED this 28th day of August, 2020.

                                                ___s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE