# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,  )
)
          Plaintiff,  )
)
vs.  )  Case No. 18-3092-JWB-KGG
)
DAVID GROVES, *et al.*,  )
)
          Defendants.  )
)

## MEMORANDUM & ORDER
## GRANTING IN PART AND DENYING IN PART
## MOTION FOR PROTECTIVE ORDER

Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he is (and was previously) incarcerated. Plaintiff has filed a "Motion for Protective Order on Discovery" requesting certain video recordings be returned to him. (*See* Doc. 118.) For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part** as more fully set forth below.

## FACTUAL BACKGROUND

Plaintiff's two consolidated cases (18-3135 and 18-3092 (lead case)) were filed by Plaintiff, *pro se*, in 2018 and consolidated in October of that year. The

1

Complaints allege violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial. The litigation has, thus far, consisted of a never-ending series of motions, including nine motions filed by Plaintiff in approximately the past 40 days.

In regard to the present motion, Plaintiff contends that Defendants "stole" certain video recordings taken by the "booking area cameras" showing that "excessive force" was used on him. (Doc. 118, at 1.) Plaintiff contends the videos will be used for his appeal on Count I (which was previously dismissed by District Judge Carlos Murguia when the case was assigned to him). (*Id.*) Plaintiff also intends to use the video recordings for impeachment of Defendants' witnesses. (*Id.*) Plaintiff alleges that the theft of this evidence was allowed by "both federal judges" and that these judges "are solely responsible for the recovery of those booking area cameras… ." (*Id.*) Plaintiff indicates that the "District Judges['] remedy for the defendants stealing my evidence, is that I can easily get all my evidence back at Discovery." (*Id.*)

Defendants deny that they stole the videos at issue and contend Plaintiff's allegations are "baseless and harassing." (Doc. 127, at 2.) Defendants state that the videos relate to Count I of Plaintiff's Complaint, which was "dismissed, without any reference to a video (Case No. 18-3135, Doc. 122)." (*Id.*, at 1-2.)

## ANALYSIS

Plaintiff brings the present motion pursuant to Fed.R.Civ.P. 26, wich controls the issuance of protective orders. Subsection (c) of the rule states that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed.R.Civ.P. 26(c). The Rule also provides that "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." (*Id.*)

If ruling on a request for a Rule 26(c) protective order, "[t]he court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." **RX Savings, LLC v. Douglas Besch**, 19-2439-DDC, 2020 WL 5094686, at *4 (D. Kan. Aug. 28, 2020) (citation omitted). The party seeking a protective order has the burden to demonstrate good cause. (*Id.*)

Defendants argue that it is unclear "what Plaintiff is asking for; it seems that he wants an order 'protecting' certain videos that are part of the court file but no longer relevant." (Doc. 127, at 2.) Defendants continue that if Plaintiff is actually seeking a Rule 26 protective order, he has not established "good cause" to do so. (*Id.*) According to Defendants,

> [i]t is not clear what is being protected, but a strained reading of Plaintiff's motion might suggest that he is asking for an order the allegedly stolen videos be preserved. That is not the purpose of the protective order. The purpose of a protective order is to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Those concerns are not present here.

(*Id.*)

The Court finds that it does not require a "strained reading" to determine what Plaintiff is requesting. Plaintiff is clearly seeking the return of specific video

4

recordings he contends were taken by Defendants.  (*See generally* Doc. 118.) Granted, while this is not the intended use for Rule 26(c), the Court finds that Plaintiff's underlying request is specific and within the Court's power to determine.  The Court will not disregard the motion simply because Plaintiff cited or relied on an incorrect Federal Rule in his motion.

That stated, Defendants indicate that they have "already produced videos related to Count I of Case No. 18-CV-3135."  (Doc. 127, at 2.)  According to Defendants,

> [t]hose videos were attached to Defendants' motion to dismiss, provided to Plaintiff, and were not considered in the Court's dismissal of Plaintiff's meritless excessive force claim.  In any event, Defendants will preserve and produce any videos in their possession that are properly requested and are within the scope of discovery. Plaintiff's motion for a protective order is improper, unnecessary, and should be denied.

(*Id.*; *see also* Case No. 18-3135, Doc. 101, notice that video recordings were filed conventionally.)  Plaintiff replies that "it does not matter if the [underlying] count was dismissed," because the video recordings belonged to him.  (Doc. 134.)

As stated above, Defendants have specifically indicated they did not steal any video recordings. They have also stated that the videos at issue were used as an exhibit to their dispositive motion and provided to Plaintiff, which is corroborated by the case docket in No. 18-3135.  Defendants have also specifically indicated,

5

however, that they "will preserve and produce any videos in their possession that are properly requested within the scope of discovery." (Doc. 127, at 2.)

As such, the Court directs Plaintiff to its text order entered last week in this case (Doc. 133, entered 8/25/2020) informing Plaintiff that he is "is permitted, without an order from this court, to issue Requests for Production of Documents (Rule 34), Requests for Admission (Rule 36) and Interrogatories (Rule 33) to the party defendants. Court permission is not required to issue discovery to the Defendants." As such, Plaintiff is free to request from Defendants, via Fed.R.Civ.P. 34, any video recordings in Defendants' possession, custody, or control. Discovery will be allowed as to

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Protective Order on Discovery (Doc. 118) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 31st day of August, 2020.

                                            <ins>S/ KENNETH G. GALE</ins>
                                            KENNETH G. GALE
                                            United States Magistrate Judge