# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN, )
)
          Plaintiff, )
)
vs. )   Case No. 18-3092-JWB-KGG
)
DAVID GROVES, *et al.*, )
)
          Defendants. )
)

## MEMORANDUM & ORDER
## DENYING MOTION TO SUPPLEMENT PLEADINGS AND
## GRANTING MOTION FOR INDIGENT SUBPOENAS

Plaintiff, who was previously, and is currently again, incarcerated in the Cherokee County Jail (Docs. 55, 59), brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail.  This Order resolves two of the currently pending motions filed by Plaintiff – the Motion to Supplement Pleadings (Doc. 121) and the Motion for Indigent Subpoenas to be Served by U.S. Marshals (Doc. 124).  For the reasons set forth below, Plaintiff's Motion to Supplement Pleadings (Doc. 121) is **DENIED**, **in part with prejudice** and **in part without prejudice**, as more fully set forth below.  Plaintiff's Motion for Indigent Subpoenas to be Served by U.S. Marshals (Doc. 124) is **GRANTED**.

1

**A.     Background.**

These two consolidated cases were filed by Plaintiff, *pro se*, in 2018 and consolidated in October of that year.  The Complaints allege violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial.   Since filing, the cases have meandered through four District Judges and two Magistrate Judges on a never-ending series of motions; some, but not all, initiated by Plaintiff.

Plaintiff has been diligent and aggressive in attempting to prosecute these cases.  A series of motions to dismiss and motions for summary judgment have been briefed and decided, narrowing the issues and reducing the responding Defendants.  Plaintiff has made repeated motions for appointment of counsel, all of which have been denied.  He has also attempted to use this court to control present conditions and complaints at the jail.  These attempts have been unsuccessful.  Plaintiff has expressed increased frustration in not receiving evidence from the defense to support his cases.  He has also moved to recuse the undersigned Magistrate Judge, which was also denied.

**B.     Motions at Issue.**

As mentioned above, this Order addresses two of the currently-pending motions filed by Plaintiff:  the Motion to Supplement Pleadings (Doc. 121) and the

Motion for Indigent Subpoenas to be Served by U.S. Marshals (Doc. 124).  The motions will be discussed in turn.

### 1. Motion to Supplement Pleadings (Doc. 121).

The first of Plaintiff's motions seeks leave to supplement his Complaint pursuant to Fed.R.Civ.P. 15 "due to the ongoing constitutional violations by the defendants in Count III." (Doc. 121, at 1.)  Plaintiff asks to add six new Defendants – "Captain Michelle Tippie, Sgt. Jullian Miller, Sgt. April Macafee, Thomas Degroot, Sgt. Mandi Montanye, as well as the food corporations Consolidated Correctional Food Services." (*Id*.)  He also seeks to include facts relating to these individuals' alleged statements that they have "witnessed [Plaintiff] excessively purging [his] his meals 2x daily for a period of 2 yrs now, to meet the BMI standard for a special diet." (*Id*.)  Plaintiff contends "there is absolutely no evidence of excessive purging," but rather he was "tortured" and "deliberately" starved "almost to death" as a result of "inadequate meals" served at the jail.  (*Id*., at 2.)

Defendants respond that Plaintiff's motion should be denied "because it is not in compliance with D. Kan Rule 15.1(a)(2) as no proposed pleading was attached." (Doc. 130, at 1 (citing *Carter v. Spirit Aerosystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 4865690, at *4 (D. Kan. Oct. 27, 2017).)  The local rule

3

mandates that the proposed pleading be attached to the motion. D. Kan. Rule 15.1(a)(2). As the Court held in *Carter*,

> [t]he obvious purpose of Rule 15.1 is to compel parties to provide the Court with the information it needs to determine whether a motion to amend is warranted. Without a copy of the proposed pleading, the Court cannot conclusively determine if allowing Carter to amend his complaint would promote justice or be entirely futile.

2017 WL 4865690, at *4. Plaintiff's motion is thus **DENIED without prejudice** on this basis.[1]

Should Plaintiff intend to renew this motion, **the Court is including in this mailing a copy of the form for an Amended Complaint, which must be included with any renewed motion to supplement the pleadings**. If Plaintiff files a revised motion to amend his Complaint, he is instructed that he may incorporate by reference the original Complaint and need not repeat those claims and allegations in any proposed amended pleading attached to the motion. For the reasons discussed immediately below, Plaintiff is further instructed that **any newly proposed Amended Complaint should contain only allegations against the parties currently remaining in this lawsuit**, rather than attempt to add additional new parties to these claims.

---

[1] Because Plaintiff's motion is denied based on the failure to comply with D. Kan. Rule 15.1(a)(2), the Court will not address the issue of futility as raised by Defendants.

4

As stated above, Plaintiff's motion mentions the "ongoing Constitutional violations by Defendants in Count III" and that "new Defendants will need to be added" to this Count. (Doc. 121, at 1.) The six new Defendants identified are "Captain Michelle Tippie, Sgt. Jullian Miller, Sgt. April Macafee, Thomas Degroot, Sgt. Mandi Montanye, as well as the food corporations Consolidated Correctional Food Services." (*Id*.)

Defendants respond that

> [t]he allegations against the proposed new defendants allege neither a new constitutional violation nor new injuries. Plaintiff claims that the new proposed defendants falsely told Plaintiff that they had seen him purging, and further, failed to provide him medical care for the purging (even though Plaintiff denies purging). In short, Plaintiff is trying to add new defendants to Count III to sue them for making up a medical condition about him and failing to provide medical care for that made up condition. Those allegations fail to state a claim for a constitutional violation, would be subject to dismissal, and therefore, are futile.

(Doc. 130, at 3.) The Court agrees. The proposed claims against the **newly identified Defendants are DENIED with prejudice**. Any such claims are **not to be included** in any proposed amended pleading Plaintiff may request permission to file.[2]

---

[2] The Court briefly addresses Defendants' contentions regarding the two Defendants – Kristin Wagner and Danny Davis – who, at the time of the filing of Defendants' response to Plaintiff's motion – "remain[ed] unserved more than two years after Plaintiff filed this action." (Doc. 130, at 2.) The Court notes that since Defendants' filing, both Wagner

5

## 2. Motion for Indigent Subpoenas to Be Served by U.S. Marshals (Doc. 124).

Plaintiff next moves for indigent subpoenas to be served by the U.S. Marshals seeking medical records from four sources relating to his "weight monitoring, diets, health records, dental records, surgery, and what was submitted to Dr. Lowe prior to surgery by Manzer Health Clinic." (Doc. 124, at 1.) He indicates the "documents are for 18-CV-3135-JWB-KGG on Count III." (*Id*.) He also seeks "K.D.O.C. policies and guidelines for excessive purging 2x daily for a year or more," which he contends are "extremely relevant to [his] defense." (*Id*.)

Defendants note their lack of standing to object or move to quash the requested subpoenas, but point out the Court's "inherent authority to deny the issuance of subpoenas that are irrelevant, frivolous, unduly burdensome, or harassing." (Doc. 132, at 1 (citation omitted).) Defendants do not cite any District Kansas or Tenth Circuit authority to support their position that the Court can exercise its inherent authority to deny the issuance of subpoenas from *pro se* parties in civil cases on the basis that the subpoenas are irrelevant, frivolous, unduly burdensome or harassing. (*See generally id.*) They do, however, draw a parallel to the standard from Fed.R.Crim.P. 17(b), which requires a *pro se* party to show relevance, materiality, and usefulness before the Court will issue a subpoena

---

and Davis have been served, attorneys have entered appearances on their behalf, and they have both filed motions to dismiss. (Docs. 146, 147, 149-51, 153-55.)

in a criminal case. (*Id.*, at 2 (citing ***U.S. v. McDowell***, No. 09-20133, 2011 WL 831134, at *1 (D. Kan. March 3, 2011).)

The Court is not persuaded that the standard applicable to Fed.R.Crim.P. 17 provides an adequate parallel as that Rule specifically relates to the issuance of subpoenas compelling witnesses to attend, and testify at, a criminal trial while herein Plaintiff is merely attempting to subpoena medical records. Clearly there would be a higher standard to compel non-party individuals to expend the time, money, and effort to appear at a trial (which often could involve out-of-town travel) than there would be to require a non-party to compile and produce documents.

That stated, it is well established that the Rules of Civil Procedure provide courts with an inherent power to manage and control discovery. ***Smith v. Collins Bus Corp.***, 11-2128-JTM-KGG, 2013 WL 589615, at *2 (D. Kan. Feb. 14, 2013) (citing Fed.R.Civ.P. 26). Within this context, the Court notes that the information sought by Plaintiff is both generally discoverable and proportional to the needs of this case.

As such, the Court **GRANTS** Plaintiff's motion. In so doing, **the Court includes with a copy of this Order five blank subpoena forms**. Plaintiff is instructed to fill out a subpoena as to each individual or entity from whom he is requesting records. The filled-out forms will then be returned to the Clerk's office,

who will forward the subpoenas and a copy of this Order to the U.S. Marshal for service of the subpoenas.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Supplement Pleadings (Doc. 121) is **DENIED**, **in part with prejudice** and **in part without prejudice** as more fully set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Indigent Subpoenas to be Served by U.S. Marshals (Doc. 124) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of October, 2020.

                                              S/ KENNETH G. GALE
                                              KENNETH G. GALE
                                              United States Magistrate Judge