# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-3092-JWB-KGG |
| | ) |
| DAVID GROVES, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER
## DENYING MOTION TO AMEND

Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he was previously incarcerated. This Order addresses Plaintiff's Motion to Seek Leave to Amend Complaint (Doc. 140). For the reasons set forth below, the motion is **DENIED**.

**A.    Background.**

These two consolidated cases were filed by Plaintiff, *pro se*, in 2018 and consolidated in October of that year. The Complaints allege violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending

1

a criminal trial. Since filing, the cases have meandered through four District Judges and two Magistrate Judges on a never-ending series of motions; some, but not all, initiated by Plaintiff.

Plaintiff has been diligent and aggressive in attempting to prosecute these cases. A series of motions to dismiss and motions for summary judgment have been briefed and decided, narrowing the issues and reducing the responding defendants. Plaintiff has made repeated motions for appointment of counsel, all of which have been denied. He has also attempted to use this court to control present conditions and complaints at the jail. These attempts have been unsuccessful. Plaintiff has expressed increased frustration in not receiving evidence from the defense to support his cases. He has also moved to recuse the undersigned Magistrate Judge, which was also denied.

**B.     Motion at Issue.**

Plaintiff seeks leave of the Court to file an Amended Complaint to include "a count for stealing evidence 6 DVDs of previous subpoenaed video footage jail and audio in 2018" and to add a "count for opening [his] outgoing civil legal mail and stealing two addresses" for named, but unserved, Defendants Kristen Wagnor and Danny Davis in order "to stop Count's [sic] III and V." (Doc. 140, at 1.) Plaintiff's motion contains no legal argument as to why the amendment should be allowed. (*See generally, id.*)

Defendants first argue that the motion is not in compliance with D. Kan. Rule 15.1(a)(2) because no proposed amended pleading was attached. (Doc. 144, at 1.) Local Rule 15.1 <u>mandates</u> that the motion to amend "must" attach the proposed pleading. D. Kan. Rule. 15.1(a)(2). The Court notes, however, that Plaintiff's motion included a request that the Court send him a form Amended Complaint to enable him to draft the pleading. The Court also notes that, in conjunction with its Order on Plaintiff's Motion to Supplement Pleadings (Doc. 121), Plaintiff has since been provided with copies of the appropriate form pleading. Rather than deny Plaintiff's motion on this technical basis, the Court will address Plaintiff's motion on the substantive merits.

In this regard, Defendant argues that Plaintiff's motion should be denied as futile because he is not in compliance with the requirements of the Prison Litigation Reform Act ("PLRA"). (Doc. 144, at 2-5.) Pursuant to the PLRA, "the court shall dismiss the case at any time of the court determines that … the action or appeal … is frivolous or malicious; … fails to state a claim on which relief may be granted; or … seeks monetary damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The PLRA also includes a "three strikes" provision, which states that a prisoner may not bring a civil action or appeal *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

3

>or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Defendants argue that the proposed amendments are frivolous and that by seeking to bootstrap them to the present lawsuit, Plaintiff is attempting to dodge the three-strikes provision.

The District of Kansas decision of *Carter v. Spirit Aerosystems, Inc.*, held that "[w]ithout a copy of the proposed pleading, the Court cannot conclusively determine if allowing [the plaintiff] to amend his complaint would promote justice or be entirely futile."  16-1350-EFM-GEB, 2017 WL 4865690, at *4 (D. Kan. Oct. 27, 2017).  The Court notes that the *Carter* decision found that while the omission of a proposed Amended Complaint "limits the Court's ability to do a thorough analysis," the Court was still "receptive" to the defendant's futility argument.  *Id*.

The Court agrees that Plaintiff has "fail[ed] to adequately explain why his proposed amendment is necessary or even explain the basic facts surrounding his proposed amended claims."  (Doc. 144, at 2.)  Further, Defendants are correct that "[t]he DVD claim has nothing to do with these Defendants" and "Plaintiff's motion does not identify who he alleges actually stole the DVDs."  (*Id.*)  In other words, "Plaintiff wants to add a claim related to stolen DVDs where he has failed to explain in the motion who stole the DVDs, when they were stolen, how they

4

were stolen, or how they relate to this case." (*Id*., at 3.) Plaintiff's proposed claim regarding his mail is equally frivolous as he "does not identify what mail was allegedly opened, how much mail was opened, when it was opened, or who the alleged perpetrators are." (*Id*.)

Defendants are correct that the proposed amendment does not comply with the PLRA. The PLRA was enacted "to reduce the burden of prisoner litigation on the courts" and government officials in responding to frivolous prisoner lawsuits. ***Freeman v. Watkins***, 479 F.3d 1257, 1259 (10th Cir. 2007). *See also* ***Robbins v. Chronister***, 402 F.3d 1047, 1051 (10th Cir. 2005) (holding that "the unmistakable purpose of the [PLRA] was to limit the rapidly increasing number of frivolous prisoner claims arising from alleged prison related civil rights violations."); ***Jones v. Corrections Corp. of America***, No. 10-3167-JTM, 2012 WL 3238190, at *3 (D. Kan. Aug. 6, 2012) (holding that "[t]he congressional purpose behind the PLRA is to reduce the state's burden of responding to frivolous actions or of deterring frivolous prisoner litigation.").

Defendants contend that "[t]he allegedly stolen DVDs were part of the discovery file in Plaintiff's criminal case, and Plaintiff has previously asserted in this litigation that the alleged theft happened when his 'case file was illegally given to Cherokee County Prosecutors.'" (Doc. 144, at 4-5 (citing Doc. 134).) Defendants continue that Plaintiff "is attempting to add unrelated claims related to

5

new parties" that do not belong in the present lawsuit, "in order to avoid the requirements of the PLRA." (*Id.*, at 5.)  Rather, according to Defendants, "the proper avenue for relief is a separate lawsuit against the Cherokee County prosecutors." (*Id.*)

Defendants further note that Plaintiff has previously filed two such lawsuits.

> In Case No. 19-CV-3093, Plaintiff has sued both his former criminal defense attorney and the Cherokee County prosecutor for the transfer of his criminal case file to the prosecution. (See Exhibit A).  Judge Crow dismissed that case on August 6, 2019. (See Exhibit C, Order Dismissing Case No. 19-CV-3093).  On November 20, 2019, Plaintiff filed another lawsuit against his former criminal defense attorney and the Cherokee County prosecutor in Case No. 19-CV-3237.  (See Exhibit B).  That lawsuit also arises out of the alleged transfer of his criminal case file to the prosecution, and does not appear to have yet advance passed the initial screening phase of the litigation.  (See Exhibit D, Docket Sheet for Case No. 19-CV-3237).  Notably, the second lawsuit names Michelle Tippie, a defendant in this case, as a defendant.  And so, as relates to both the underlying facts and the parties involved, that case significantly overlaps with Plaintiff's proposed amendment in this case.  Now, Plaintiff is trying to bring a claim arising out of those same facts in this case, which would frustrate the purposes of the PLRA and create a risk of inconsistent rulings regarding the same set of facts.

(*Id.*)  Defendants argue that "Plaintiff is trying in this case to litigate claims that he is having difficulty litigating in other cases." (*Id.*)  The Court agrees.

Plaintiff did not file a reply brief, thus he has made no attempt to refute Defendants' responsive arguments. The Court thus finds that Plaintiff's Motion to Amend (Doc. 140) should be **DENIED** as futile.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Seek Leave to Amend Complaint (Doc. 140) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of October, 2020.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
