# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRIAN MICHAEL WATERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-3092-JWB-KGG |
| | ) | |
| DAVID GROVES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER
## DENYING MOTION FOR EVIDENTIARY HEARING

Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he was previously incarcerated.  This Order addresses Plaintiff's Motion for Evidentiary Hearing  (Doc. 148).  For the reasons set forth below, the motion is **DENIED**.

The background of this case has been summarized in the undersigned Magistrate Judge's prior Orders on Plaintiff's numerous motions in this case as well as by the District Court.  (*See e.g.*, Docs. 99, 113, 123, 137, 157, 158.)  Those factual summaries are incorporated by reference.

1

In the present motion, Plaintiff asks for an evidentiary hearing "on evidence stolen, by the defendants 6 DVDs of video and audio footage on 10-18-2018 thru 12-14-2018 in order to stop a civil prosecution in several counts against them." (Doc. 148, at 1.)  The Court notes that it recently denied Plaintiff's request to amend is Complaint to include a count relating to these same DVDs.  (Doc. 158.) In that underlying motion, Plaintiff sought leave to add "a count for stealing evidence 6 DVDs of previous subpoenaed video footage jail and audio in 2018" and to add a "count for opening [his] outgoing civil legal mail and stealing two addresses" for named Defendants Kristen Wagner and Danny Davis in order "to stop Count's [sic] III and V."  (Doc. 140, at 1.)

The Court noted the motion to amend was noncompliant with D. Kan. Rule 15.1(a)(2) because no proposed amended pleading was attached.  (Doc. 144, at 1.) Rather than deny Plaintiff's motion on this technical basis, however, the Court denied the motion on substantive merits as futile.  The Court incorporates by reference its analysis from the prior Order as to the futility of adding a cause of action relating to these six DVDs.  (Doc. 158, at 3-6.)

In short, the Court agreed with Defendants' argument that Plaintiff has "'fail[ed] to adequately explain why his proposed amendment is necessary or even explain the basic facts surrounding his proposed amended claims.'"  (*Id.*, at 4 (quoting Doc. 144, at 2).)  The Court also agreed with Defendants that "'[t]he

DVD claim has nothing to do with these Defendants'" and "'Plaintiff's motion does not identify who he alleges actually stole the DVDs.'"  (*Id.*)

Defendants contended that "[t]he allegedly stolen DVDs were part of the discovery file in Plaintiff's criminal case, and Plaintiff has previously asserted in this litigation that the alleged theft happened when his 'case file was illegally given to Cherokee County Prosecutors.'" (Doc. 144, at 4-5 (citing Doc. 134).) Defendants continued that Plaintiff "is attempting to add unrelated claims related to new parties" that do not belong in the present lawsuit, "in order to avoid the requirements of the PLRA."  (*Id.*, at 5.)   Rather, according to Defendants, "the proper avenue for relief is a separate lawsuit against the Cherokee County prosecutors."  (*Id.*)  This Court agreed.  (Doc. 158, at 5-6.)

Defendants further established that Plaintiff has previously filed two such lawsuits.  (Doc. 158, at 6 (*quoting* Doc. 140, at 5).)  The Court agreed with Defendants that "'Plaintiff is trying in this case to litigate claims that he is having difficulty litigating in other cases.'"  (*Id.*)  The Court finds that the same is true as to Plaintiff's request for an evidentiary hearing regarding the same DVDs.

Because the Court has previously found that legal claims relating to these DVDs are unrelated to the present litigation, frivolous, and futile, the Court sees no basis to allow an evidentiary hearing regarding these DVDs to proceed in this case. Plaintiff's motion (Doc. 148) is, therefore, **DENIED**.

3

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 16th day of October, 2020.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge