# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-3092-JWB-KGG |
| ) | |
| DAVID GROVES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM & ORDER DENYING MOTIONS
## TO STAY ALL PROCEEDINGS, REQUESTING INDIGENT COUNSEL,
## AND REQUESTING A SPECIAL MASTER

Plaintiff, who is a prisoner in the Sedgwick County Jail, brings this civil rights action *pro se* against certain Defendants associated with the Cherokee County Jail, where he was previously, and is again currently, incarcerated. This Order addresses Plaintiff's most recent Motion to Stay All Proceedings (Doc. 171), most recent Motion for Indigent Counsel (Doc. 178), and Motion to Appoint Special Master (Doc. 179). For the reasons set forth below, the motions are **DENIED**.

The background of this case has been summarized in the undersigned Magistrate Judge's prior Orders on Plaintiff's numerous motions in this case as

1

well as by the District Court.  (*See e.g.*, Docs. 99, 113, 123, 137, 157, 158.)  Those factual summaries are incorporated by reference.

## A. Motion to Stay Proceedings.

The decision to stay litigation is left to the discretion of the trial court ***Clinton v. Jones***, 520 U.S. 681, 706 (1997); *see also* ***Bushnell Inc. v. The Burton Co.***, No. 09-2009, 2010 WL 11561389, at *1 (D. Kan. Jan. 11, 2010) (finding that "the district court ... has, within its 'inherent power' to control the docket, the discretion to stay proceedings pending before it if, after weighing the competing interests, the circumstances of a particular case lean in favor of a stay.").

> The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it.  In discharging its discretion, the Court must 'weigh competing interests and maintain an even balance.'  The party requesting the stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'  The Tenth Circuit Court of Appeals has cautioned that 'the right to proceed in court should not be denied except under the most extreme circumstances,' relying in part on a U.S. Supreme Court decision announcing, '[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.'

*Id*. (internal citations omitted).  In application of the above enumerated factors, courts must decide whether the benefits of a stay are outweighed by the inherent

2

costs of staying the litigation. *Digital Ally, Inc. v. Enforcement Video, LLC*, 16-2346-JTM, 2018 WL 780555, *1 (D. Kan. Feb. 8, 2018).

The Court notes that Plaintiff has moved to stay this matter on numerous occasions. (Docs. 9, 13, 65, 81.) The Court also notes that Plaintiff has a poor history of honoring the previous stay order that was entered in this case as he persisted in filing pleadings in violation of the stay he requested. (*See* Doc. 99, at 5.)

Plaintiff again seeks to stay all proceedings "until the lawless Defendants give all work product, discovery, case law, original complaints, blank issued amended complaints back to Plaintiff." (Doc. 171, at 1.) Plaintiff states he was sent to segregation on October 20, 2020, and was later released on November 5, 2020. (*Id*.) He contends he was informed that all of his "civil legal work, work product, civil case law, civil complaints, motions, discovery, responses from defendants and courts would remain in the jail administration['] custody" and that he could "only view this material now in the visitation room" with nothing to be removed. (*Id*.)

Plaintiff continues that that Defendants are "deliberately stopping [him] from amending [his] complaint on Kristin Wagner and Danny Davis" by seizing the amended Complaint form previously sent to him by the Court. (*Id*., at 1, 2.) He argues that he should not be required to "litigate under such impossible

3

circumstances." (*Id.*, at 1.) He complains that he "cannot adequately or sufficiently respond back" to the pending Motions to Dismiss Wagner and Davis without his "case law, work product, original complaint" and that all of his work product "is not in administration." (*Id.*, at 2.)

Defendant Wagner responds that in her position, she "neither has control over the placement of plaintiff in segregation nor control over plaintiff's case materials." (Doc. 177, at 4.) Defendant continues that despite Plaintiff's complaints of interference and obstruction, Plaintiff "has filed a response and surreply to Wagner's motion to dismiss and served document requests on Wagner." (Doc. 177, at 4.) The Court notes that Plaintiff has also filed a response and surreply to Davis' dispositive motion. (Docs. 161, 172.)

Defendant Wagner also argues that Plaintiff's contention that Defendants are attempting to stop him from amending his Complaint as to Wagner and Davis is misplaced because "the Court has denied plaintiff leave to amend or supplement his pleading." (Doc. 177, at 4.) The Court did specifically deny Plaintiff's attempt to amend the Complaint to include "a count for stealing evidence 6 DVDs of previous subpoenaed video footage jail and audio in 2018" and to add a "count for opening [his] outgoing civil legal mail and stealing two addresses" for named, but

4

then unserved, Defendants Kristen Wagner and Danny Davis in order "to stop Count's [sic] III and V."[1]  (Doc. 140, at 1; Doc. 158.)

That stated, Plaintiff also filed a motion to supplement his pleadings wherein he asked to add six new Defendants and to include facts relating to these Defendants' statements that Plaintiff allegedly had been purging his meals to meet the BMI standard for a special diet.  (Doc. 121, at 1.)  The Court denied that motion on the technical basis that no proposed amended pleading was attached to the motion.  (*See* Doc. 157, at 3-4.)  The Court continued that "[s]hould Plaintiff intend to renew this motion, the Court is including in this mailing a copy of the form for an Amended Complaint, which must be included with any renewed motion to supplement the pleadings."[2]  (*Id.*, at 4.)  As such, this portion of Plaintiff's prior motions to amend has not been foreclosed.

In their response, Defendants Ellis, Phillips, DeGroot, and Tippie ("the County Defendants") concede that Plaintiff was placed in segregation "due to a myriad of rule violations," which they have documented.  (Doc. 182, at 1-2.)  The County Defendants indicate that "[w]hen Plaintiff was moved to segregation, his

---

[1] Defendants Wagner and Davis have since been served and have both filed Motions to Dismiss.  (Docs. 153, 155.)

[2] The Court did, however, deny with prejudice any request to amend the pleadings to include proposed claims against the newly identified Defendants.  Plaintiff was specifically instructed that any newly proposed Amended Complaint should contain only allegations against the parties currently remaining in this lawsuit, rather than attempt to add additional new parties to these claims.  (Doc. 157, at 4.)

boxes of documents were moved to the property room, so that, while housed in administrative segregation, Plaintiff could access the documents during his hour breaks from administrative segregation." (*Id*., at 2.) The County Defendants continue that

> [w]hen his administrative segregation ended, and Plaintiff was set to return to general population, Captain Tippie instructed jail staff to move his two boxes into an inmate visitation room rather than returning the boxes to Plaintiff's cell. [ ] This decision was based on the fact that Plaintiff shared a cell with another prisoner, and further, that the two large boxes, which are full of papers, were a fire hazard in the jail cell. [ ] The visitation room is a private, secure area where the documents are not disturbed, and Plaintiff is allowed to review his documents and work on his cases as he pleases.
> Since his return to general population following segregation, Plaintiff has been informed that he is free to review or work on his legal work where it is stored in the visitation room. [ ] But Plaintiff has never asked to do so; instead, he has filed several grievances, and now, filed this motion.

(*Id*.)

On balance, the Court finds that Plaintiff has failed to establish that a stay is warranted. ***Digital Ally, Inc. v. Enforcement Video, LLC***, 2018 WL 780555, *1. The County Defendants have established a legitimate reason why Plaintiff's materials are not being kept in his cell. They have also established that Plaintiff is being provided ample opportunity to access his materials, but he has simply chosen not to do so. The Court further notes that given the most recent flurry of motions

and filings by Plaintiff, his ability to litigate this case does not appear to be unduly obstructed. Plaintiff's motion (Doc. 171) is, therefore, **DENIED**.[3]

**B.     Motion for Indigent Counsel (Doc. 178).**

Plaintiff has filed at least eight motions requesting counsel in this case, including one motion to reconsider a denial of a request for counsel as well as an objection to a denial. (*See* Docs. 32, 44, 86, 89, 91, 104, 120, 178.) All of these motions have been denied.

As the District Court noted in its recent Order denying Plaintiff's objection to the undersigned Magistrate Judge's denial of a prior request for counsel,

> the merits of the plaintiff's claims center around factual issues that the Plaintiff can investigate – especially since the discovery phase of litigation has begun. ***McCarthy*** [***v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)]. Furthermore, one need only look to the consolidated case record to recognize Plaintiff is more than capable of drafting and filing legal documents with the court. There is no constitutional right to counsel in a civil case, *see* ***Beaudry*** [***v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003)], and the mere possibility that an attorney might present this case more effectively than Plaintiff can do so representing himself *pro se* does not warrant appointment of counsel.

(Doc. 113, at 4.)

---

[3] Out of an abundance of caution, the Court instructs the Clerk's Office to provide three additional copies of the (amended) Complaint form to Plaintiff with the mailing of this Memorandum & Order.

There is nothing in Plaintiff's most recent motion that convinces the undersigned Magistrate Judge to diverge from the District Court's sound analysis. Plaintiff's motion is, therefore, **DENIED**.

**C.     Motion to Appoint Special Master (Doc. 179).**

Plaintiff next moves the Court to appoint a special master

> to investigate and report the Defendants['] abusive litigation tactics, obstruction of justice, disrupting litigation, harassing the Plaintiff, fraud upon the courts, altering submitted evidence, opening the Plaintiff's legal mail (out-going) to the District Courts, taking the law library away for two years in the middle of pleadings, seizing all the plaintiff's civil work, … all discovery, work product, case law, throwing away Plaintiff's mail, and deliberately delaying Plaintiff's incoming civil legal mail.

(Doc. 179, at 1.)

"The appointment of a special master is reserved for exceptional circumstances" and the decision to appoint one is within the discretion of the trial court. ***Rx Savings, LLC v. Besch***, 19-2439-DDC, 2020 WL 5094686, at * (D. Kan. Aug. 28, 2020) (citations omitted).  A special master is intended to "aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause, and not to displace the court." *Id*. (citing ***Center for Legal Advocacy v. Bicha***, No. 11-CV-02285-NYW, 2018 WL 6620776, at *2 (D. Colo. Dec. 18, 2018) (citation omitted)).

The Federal Rules of Civil Procedure provide  that:

8

> [u]nless a statute provides otherwise, a court may appoint a master only to:
>
> (A) perform duties consented to by the parties;
>
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
>> (i) some exceptional condition; or
>> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed.R.Civ.P. 53(a). The appointment of a special master is typically reserved for "situations that have some inherent complexity, technical issues that call for someone with a specific expertise, or even to pursue some policing or investigation outside the traditional role of judicial officers." ***Ash Grove Cement Co. v. Wausau Ins. Co.***, No. 05-2339-JWLGLR, 2007 WL 689576, at *3 (D. Kan. Mar. 1, 2007). In order to establish the need for a special master, the moving party "bears the burden of showing the necessity of such an appointment." ***In re Wyoming Tight Sands Antitrust Cases***, 715 F. Supp. 307, 307-8 (D. Kan. 1989).

      Plaintiff has failed to establish that a special master would be necessary in this case. There is nothing at issue in Plaintiff's motion that constitutes an exceptional condition, that requires special expertise, or that cannot be effectively and timely addressed by an available district judge or magistrate judge.

Fed.R.Civ.P. 53(a). The fact that Plaintiff does not agree with the Court's rulings on various issues he has presented does not warrant the appointment of a special master. Plaintiff's motion (Doc. 179) is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay All Proceedings (Doc. 171) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Indigent Counsel (Doc. 178) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint a Special Master (Doc. 179) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 25th day of November, 2020.

        S/ KENNETH G. GALE
        KENNETH G. GALE
        United States Magistrate Judge