IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

v.                                            Case No. 18-3092-JWB-KGG (Lead Case)
                                                            & No. 18-3135-JWB-KGG

DAVID GROVES, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to compel (Doc. 119) and two objections to the magistrate judge's orders (Docs. 164 and 187). These motions have been fully briefed and are ripe for decision. (Docs. 128, 167, 193, 203.) For the reasons stated herein, Plaintiff's motions are DENIED.

**I.    Procedural History**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[1] The complaints are brought under 42 U.S.C. § 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail (the "Jail"), in which Plaintiff has been confined pending a criminal trial. Plaintiff filed a motion to compel asking the court to compel the Jail "to provide the law library search engine back on the housing unit kiosk." (Doc. 119.) Additionally, Plaintiff has objected to two of the magistrate judge's orders. In the first objection, Plaintiff asserts the magistrate judge erred in denying his motion to amend to add six

---

[1] The court dismissed some of the claims in both No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward. *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

1

new defendants—Michelle Tippie, Jullian Miller, April Macafee, Thomas Degroot, Mandi Montanye, and Consolidated Correctional Food Services—to Count III (unconstitutional dietary policy) of his complaint. (Doc. 164.) Plaintiff next objects to the magistrate judge's denial of his request for appointment of a special master over his case. (Doc. 187.)

## II.     Analysis

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Additionally, the court is "mindful of the primary management role of prison officials who should be free from second guessing or micro-management by the federal courts." *Estate of DiMarco v. Wyoming Dept. of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

### A.     Motion to Compel (Doc. 119.)

From the outset, Defendants urge the court to construe Plaintiff's motion as a request for a preliminary injunction. (*See generally* Doc. 128.) However, Plaintiff has failed to allege any injury that is related to a claim within the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Rather, Plaintiff contends that he does not have access to the law library search engine, to which the Jail provides access through a kiosk system. Plaintiff filed this motion seeking an order from this court requiring the Jail to provide him that access. Reviewing the exhibit filed by Defendants, Plaintiff's claim is undercut by the fact that he acknowledged he has access to the law

library in a message to Captain Tippie. (Doc. 128-2.) Accordingly, Plaintiff's motion is denied as moot.

### B. Objection to Magistrate Judge's Orders (Docs. 164 and 187.)

The court finds Magistrate Judge Gale has not issued any order (Doc. 157 and 183) that is clearly erroneous or contrary to law and therefore denies Plaintiff's objections (Doc. 164 and 187.) Upon objection on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quotation omitted). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quotation omitted). "When the magistrate judge ruling effectively removes a defense or claim from the case, however, several courts have found it to be dispositive and subject to *de novo* review." *In re Motor Fuel Temperature Sales Practices Litig*., 261 F.R.D. 577, 578-79 (D. Kan. 2009) (quotations omitted). A denial to amend on futility grounds is considered dispositive. *Id*.

Turning to Magistrate Judge Gale's first order (Doc. 157), the court notes Plaintiff objects only to the portion barring him—with prejudice—from adding new parties to Count III of his complaint. (Doc. 164.) Plaintiff's attempt to add six new defendants for "ongoing constitutional violations" fails to allege any new constitutional violation and is futile. (Doc. 121, at 1.) In their original response, Defendants explain that:

3

> Plaintiff claims that the new proposed defendants falsely told Plaintiff that they had seen him purging, and further, failed to provide him medical care for the purging (even though Plaintiff denies purging). In short, Plaintiff is trying to add new defendants to Count III to sue them for making up a medical condition about him and failing to provide medical care for that made up condition. Those allegations fail to state a claim for a constitutional violation, would be subject to dismissal, and therefore, are futile.

(Doc. 130, at 3.) The court agrees with this reasoning. Plaintiff's motion to supplement is void of facts demonstrating how the proposed new defendants contributed to injuries arising out of Count III. Similarly, Plaintiff's objection is lacking in detail and contains nothing besides conclusory statements. Thus, Plaintiff's first objection is overruled as futile.

In his second objection (Doc. 187), Plaintiff asks the court to appoint a special master. Generally, special masters are used for "situations that have some inherent complexity, technical issues that call for someone with a specific expertise, or even to pursue some policing or investigation outside of the traditional role of judicial officers." *Ash Grove Cement Co. v. Wausau Ins. Co.*, No. 05-2339-JWL-GLR, 2007 WL 689576, at *3 (D. Kan. Mar. 1, 2007). Appointment of a special master is addressed under Federal Rule of Civil Procedure 53:

> Unless a statute provides otherwise, a court may appoint a master only to:
> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
> (i) some exceptional condition; or
> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1). Neither of the circumstances under Rule 53(a)(1)(A) or (B) applies here. Plaintiff, as the moving party, "bears the burden of showing the necessity of such an appointment." *In re Wyoming Tight Sands Antitrust Cases*, 715 F. Supp. 307, 307-8 (D. Kan. 1989).

The magistrate judge did not find Plaintiff's arguments for a special master compelling as he "failed to establish that a special master would be necessary in this case." (Doc. 183 at 9.) The magistrate judge concluded, and this court agrees, that the pretrial matters at issue in Plaintiff's motion can be effectively and timely addressed by the assigned judges. Plaintiff has shown no error with respect to the magistrate judge's ruling. Indeed, Plaintiff's objection (Doc. 187) contains nothing more than his continued gripes concerning his legal mail and interactions with jailhouse staff. Without Plaintiff alleging an issue requiring the appointment of a special master, the court will not overrule the magistrate judge. Accordingly, Plaintiff's second objection is overruled.

### III. Conclusion

Plaintiff's motion to compel (Doc. 119) is DENIED. Plaintiff's objections to the magistrate judge's orders (Docs. 164 and 187) are OVERRULED.

**IT IS SO ORDERED** this 7th day of January, 2021.

    s/ John W. Broomes      
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE