# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,           )
                                  )
               Plaintiff,           )
                                  )
vs.                               )    Case No. 18-3092-JWB-KGG
                                  )
DAVID GROVES, *et al.*,           )
                                  )
               Defendants.          )
                                  )

## MEMORANDUM & ORDER

On January 21, 2021, the Court held a telephone hearing with the parties to address the following motions currently pending before the undersigned Magistrate Judge:

    1.    Plaintiff's Motion to Compel Defendant Tippie (Doc. 195);
    2.    Plaintiff's Motion for Order on Indigent Subpoenas (Doc. 206);
    3.    Plaintiff's Motion to Compel (Doc. 207);
    4.    Defendant's Motion to Strike Plaintiff's Request for Admission (Doc. 208);
    5.    Plaintiff's Motion for Indigent Subpoenas (Doc. 213);
    6.    Plaintiff's Motion for Defendants to Produce Sent Admissions (Doc. 214);
    7.    Plaintiff's Motion for Court Order to Produce Subpoena Information (Doc. 215); and

        8.      Plaintiff's Motion to Continue Case After Larned (Doc. 216).[1]

Defendants Michelle Tippie, Amanda Phillips, and Judah Ellis appeared through counsel, Jeffrey Kuhlman.  Defendant Kristin Wagner appeared through counsel, Paul Breer.  Defendant Danny Davis appeared through counsel, Deborah Johnson.  Plaintiff appeared *pro se*.  Having heard arguments from the parties and having considered their written submissions, the Court is prepared to rule on the motions herein.

### A.    Plaintiff's Motion to Compel Defendant Tippie (Doc. 195) and Plaintiff's Motion to Compel (Doc. 207).

Plaintiff moved to compel Defendant Tippie to produce discovery that he has "requested several times through the Courts, emails, letters to the Defendants to produce discovery." (Doc. 195.)  According to Plaintiff,

> Defendant has refused to provide the 6 DVDs, all 3 booking cameras of Count I in case NO 18-cv-3135-JWB-KGG, General requests, medical requests, inmate coordinator requests from 1-1-2017 thru 12-31-2018, disciplinary hearing policy, in compatible policies, religious policies, inmate rooster [sic] for E-pod in August 2017 Sept 2017, the full body camera on 4-22-2018, the body camera of Amanda Phillips and Julia West when they escort me out of C-pod to Seg 2, then take me to medical cell 1 full body camera.  All mail logs.

---

[1] The following motions remain pending before the District Court and are not impacted by this Order:  Defendant Davis's Motion to Dismiss (Doc. 153), Defendant Wagner's Motion to Dismiss (Doc. 155), Motion to Supplement Pleading (Doc. 194), and Plaintiff's Motion for Reconsideration (Doc. 227).

(*Id.*)[2]

### 1. DVDs and booking footage.

Plaintiff indicated it was his understanding that the Court previously ruled he could have the DVDs and booking footage. The Court informed Plaintiff that no such prior ruling had occurred. The Court reminded Plaintiff that the consolidated cases relate to two general issues: 1) claims relating to Plaintiff's diet and 2) claims relating to his segregation. The Court explained to Plaintiff that the DVDs are irrelevant to the claims and defenses that remain at issue in these consolidated cases. Defense counsel indicated that the DVDs relate to Plaintiff's criminal case, not these civil matters. The Court also explained that prior Orders in this case had specifically held that the DVDs are irrelevant to the claims in the present civil lawsuit. (*See e.g.*, Docs. 158, 159.) This portion of Plaintiff's motion was, therefore, **DENIED**.

### 2. Medical requests.

This category relates to records of Plaintiff's requests for medical assistance. Plaintiff indicated he has received this information from Defendant Wagner. As such, this portion of the motion is found to be **MOOT.**

---

[2] Information sought by Plaintiff's additional Motion to Compel is largely duplicative of the initial Motion to Compel. (*Compare* Docs. 195, 207.) As such, categories of information 1. – 11. are addressed in turn by the Court as to both motions to Compel. Categories 12. and 13. were raised only in regard to Doc. 207.

### 3. Inmate coordinator requests.

Counsel for Defendant Tippie indicated that certain responsive documents were previously produced, despite the ambiguous and open-ended nature of Plaintiff's underlying request (which apparently did not include the phrase "inmate coordinator requests). That stated, Defendant agrees to pull inmate coordinator requests from the requested period of 1/1/2017 through 12/31/2018. This portion of Plaintiff's motion is, therefore, **GRANTED**.

### 4. General requests.

The Court finds that Plaintiff's "general requests" category, as worded, is overly broad and ambiguous. Defendant's objection is **sustained** and this portion of Plaintiff's motion is **DENIED**.

### 5. Disciplinary hearing policy.

Defendant has agreed to produce policies regarding disciplinary hearings. This portion of Plaintiff's motion is **GRANTED.**

### 6. Incompatible policies.

Plaintiff next seeks "in compatible [sic] policies," which are policies that relate to an inmate's interaction with other inmates with whom they are deemed to be incompatible – or as Plaintiff states, when it is deemed "they can't be around that person." Plaintiff argues this is relevant to his religious practices claim as he was not allowed to attend religious services because of the presence of African

American inmates, with all of whom Plaintiff allegedly had been deemed to be incompatible. Defendant states there are no "incompatible policies" per se, but certain classification policies do exist. Defendant has agreed to provide a supplemental response that encompasses policies relating to the general "incompatible" issue, but will have to access the potentially responsive documents for safety concerns. The Court finds this to be relevant to Plaintiff's religious practices claim. The Court thus orders a supplemental response and this portion of Plaintiff's motion relating to the policies is **GRANTED** as to documents directly concerning Plaintiff.

### 7. Religious policies.

Defendant has agreed to product any policies relating to religious accommodation of religious practices requests. This portion of Plaintiff's motion is, therefore, **GRANTED**.

### 8. Inmate roster.

Plaintiff next seeks the "inmate rooster [sic] for E-pod in August 2017 Sept 2017." Plaintiff contends Defendants placed African American inmates in the same pod as him during this time even though he was told he could not go to church services because was "not allowed to be around black inmates" as a result of the incompatible policy.

Jeffrey Kuhlman, counsel for Defendant Tippie, contends that Plaintiff's religious practices claim relates to the "short" time period of May 2017 when Plaintiff asked to be separated from black inmates. Defendant thus argues that the information for the time period requested by Plaintiff is irrelevant.

Plaintiff contends the inmate coordinator requests, discussed above, will "clear all this up." He further contends that his issues were with a select group of African American inmates who were no longer confined in the jail during the timeframe relevant to this request. Plaintiff states that he knows the names of the African American inmates who were in the pod, but wants documentation from Defendants to establish that this occurred.

The Court directed Mr. Kuhlman to produce a stipulation as to the race of the inmates in Plaintiff's pod during the relevant timeframe. Plaintiff stated he was agreeable to this. This portion of Plaintiff's motion is **GRANTED in part**.

### 9. April 22, 2018, body camera footage.

Plaintiff also seeks body camera footage from April 22, 2018, which Plaintiff contends was the date of one of his disciplinary hearings. Defendant argues this information is irrelevant to the claims and defenses currently pending in this case but rather relates to the excessive force claim that was dismissed by the District Court.

Even so, counsel for Defendant Tippie agrees to produce any footage from April 22, 2018, that has not yet been produced and/or will confirm that all footage has been produced previously (if that is the case). This portion of Plaintiff's motion is **GRANTED in part**.

### 10. **Body camera footage from Amanda Phillis and Julia West.**

Plaintiff also moves to compel the body camera footage of Amanda Phillips and Julia West taken while they escorted Plaintiff from "C-pod to Seg 2, then … to medical cell 1." Plaintiff seeks this information to establish the "intent" for locking him down at the time in question. Counsel for Defendant Tippie indicated that this occurred on March 14 – 20, 2018.

Defendant has agreed to review the footage and confirm that all footage has been produced. If additional footage exists that has not been produced, Defendant is instructed to do so. This portion of Plaintiff's motion is **GRANTED**.

### 11. **Mail logs.**

Plaintiff contends that for "weeks at a time" he does not receive information from the Court or information that has been sent in response to subpoenas he has served. The Court indicated that this hearing would address issues relating to subpoenas that were not responded but that production of actual mail logs themselves was unnecessary at the present time. This portion of Plaintiff's motion is **DENIED**.

### 12. Purging.

Plaintiff also sought "jail reports made on [his] alleged purging." Plaintiff contends he requested this information from counsel for Defendant Wagner as well as "Cherokee County's lawyers."[3]

Counsel for Defendant Tippie contends it will be difficult to locate this information without a specifically narrowed timeframe because of the extended length of time Plaintiff has been in the Cherokee County Jail. That stated, counsel for Defendant Wagner indicates that Defendant Wagner produced responsive documents within her possession, control, and custody, including reports on purging.

Plaintiff countered that he was not purging. As such, he contends that he has no idea exactly when Defendants were "fabricating" this information about him. Thus, he is unable to narrow the timeframe of the request.

Upon inquiry from the Court, Plaintiff indicated the timeframe for his dietary issues claim was February 2018 – end of 2019. As such, the Court Orders Defendant to produce any such jail reports regarding Plaintiff purging generated in 2018 or 2019. This portion of Plaintiff's motion is **GRANTED**.

### 13. Videos of Thomas DeGroot meetings.

---

[3] Although Cherokee County is no longer a Defendant in this case, the Court presumes Plaintiff means the request was sent to counsel for Defendants Tippie, Phillips, and Ellis. Counsel acknowledged that the request had been received and objected to.

Finally, in the second Motion to Compel, Plaintiff seeks "videos of Thomas DeGroot meeting with me for disciplinary hearings from 1-1-2017 to 12-31-18." (Doc. 207, at ¶ 5.) The Court finds this request, as worded, to be overly broad. As such, this portion of Plaintiff's motion is **DENIED**.

**B.    Plaintiff's Motion for Order on Indigent Subpoenas (Doc. 206), and Motion for Court Order to Produce Subpoena Information (Doc. 215).**

These motions both seek to compel compliance with the same three third-party subpoenas issued to Mercy Clinic, the Health Department, and Kansas Department of Corrections. (Doc. 206, 215.) The Court notes that Returns of Service have been filed for all 3 subpoenas: Doc. 175 for Katie Hite (Mercy Clinic), Doc. 185 for Doug Burris (Kansas Dept of Corrections), and Doc. 186 for Lisa Horn (Health Department). Although all three subpoenas have been served, Plaintiff did not serve copies of this motion on the individuals/entities subpoenaed.

Plaintiff alleges the third parties did not respond or that he received improper objections from one of these third parties. As such, the Court **GRANTS** the first of these motions (Doc. 206) and will issue an Order to Show Cause as to why the recipients of the subpoenas should not be held in contempt. (Doc. 175 Katie Hite/Mercy Clinic, Doc. 185 Doug Burris/Kansas Dept of Corrections, and Doc. 186 Lisa Horn/Health Department). These Show Cause Orders will be filed

separately and the Court will allow each third party 14 days to respond. The second such motion relating to these subpoenas (Doc. 215) is found to be **MOOT**.

### C. Defendant's Motion to Strike Plaintiff's Request for Admission (Doc. 208) and Plaintiff's Motion for Defendants to Produce Sent Admissions (Doc. 214).

The deadline to serve discovery in this case was November 30, 2020. (Doc. 106, at ¶1.) Plaintiff served the RFAs at issue to Defendant Wagner on December 19, 2020. (Doc. 208-1, at 3.) Similar RFAs were served on Defendants Tippie, Ellis, DeGroot, and Phillips on December 20, 2020. (Doc. 220-1.)

Defendant Wagner moves to strike the RFAs served by Plaintiff for being served out of time in violation of the Scheduling Order. (Doc. 208; Doc. 106.) Counsel for Defendants Tippie, Ellis, DeGroot, and Phillips argued that they have no duty to respond to the Requests because they are untimely. It is undisputed that Plaintiff did not request leave from the Court to serve these requests out of time or to amend the Scheduling Order. Conversely, Plaintiff moves for an Order requiring Defendants Tippie and Wagner to "return admissions answered or showing why they refuse to do so." (Doc. 214.)

The Court acknowledges that the RFAs are technically out of time. That stated, the Court finds the RFAs to be generally straightforward and related to the claims and defenses in this case. The Court finds that the RFAs will narrow the

issues in this case and assist the parties in drafting the Pretrial Order. Further, it will not be unduly burdensome or onerous for Defendants to be required respond.

The Court thus **DENIES** Defendant's motion to strike (Doc. 208) the Requests for Admission and **GRANTS** Plaintiff's motion to produce responses (Doc. 214). Defendants are instructed to respond to the RFAs **within fourteen (14) days of the date of this Order**. The Court does not find that Defendants have waived their objections to the RFAs.

### D.     Motion for Indigent Subpoenas (Doc. 213).

Plaintiff requests that two indigent subpoenas be served: 1) to Columbus post office "for all mail logs addressed to Brian Waterman at Cherokee County Jail"; and 2) to Defendant Tippie "to produce all mail logs on Brian Waterman and general requests and inmate coordinator requests off the kiosk from 2018 to 2021." Plaintiff contends he needs this information because he is "missing countless motions to the Courts and [he has] yet to receive materials subpoenaed from Kate Hite, Doug Burris and Lisa Horn as court ordered."[4]

As for the subpoena to Defendant Tippie, Defendant argues that such a subpoena is untimely because the discovery deadline has passed. (Doc. 219.) "It is improper for party to utilize Rule 45 to attempt to circumvent the discovery

---

[4] The subpoenas to Kate Hite, Doug Burris and Lisa Horn are the subject of Plaintiff's Motion for Order on Indigent Subpoenas (Doc. 206), discussed in section B, above.

deadline." *Hollis v. Aerotek, Inc.*, 2015 U.S. Dist. LEXIS 144174, at *7 (D. Kan. Oct. 23, 2015). Defendants also contend that Plaintiff is misguided in his argument that his mail is being tampered with because discovery requests and responses are not filed with the Court. (*Id.*)

The Court **DENIES** this motion as out of time. It was clearly filed past the discovery deadline contained in the Scheduling Order. Plaintiff will not be allowed these two untimely subpoenas at this stage of the proceedings.

### E. Motion to Continue Case After Larned (Doc. 216).

Finally, Plaintiff asks that the pretrial and summary judgment deadlines be postponed until after he "gets back from Larned" State Hospital. (Doc. 216.) He indicates he is to be transferred "very soon." (*Id.*)

Defendants Tippie, Phillips, DeGroot, and Ellis respond that after five months of being on the waiting list to be transferred, Plaintiff remains number 41 on the list. (Doc. 221, at 1-2.) According to Defendants, "[i]t will likely be another four to five months before there is room for Plaintiff at LSH." (*Id.*, at 3.) As such, Defendants contend there is no need to enter a stay at the present time.

Counsel for Defendants Tippie, Phillips, DeGroot, and Ellis is instructed to advise the Court if and when Plaintiff is to be transferred to Larned. If the transfer occurs during the pendency of this litigation, the Court will suspend remaining

deadlines as necessary, *sua sponte*. As such, the motion is **DENIED without prejudice**.

    **F.    Scheduling**.

As a result of the rulings herein, the Court finds that certain adjustments must be made to the Scheduling Order in this case. The Pretrial Conference is rescheduled for March 15, 2021, 10:00 am. The parties' draft Pretrial Order is due to the Court by March 8, 2021.[5] The dispositive motion deadline is extended to April 2, 2021. The Court reiterates that these deadlines and dates will be stayed if Plaintiff's transfer to Larned State Hospital creates a conflict with any of these deadlines.

The Court reiterates to the parties that discovery is **closed**. **No new discovery will be allowed to be served. No discovery motions will be allowed to be filed** (other than those relating to the duties of the parties to comply with this Order, if necessary). Nothing herein prohibits Plaintiff's right to object to District Court regarding the undersigned Magistrate Judge's findings in this Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Defendant Tippie (Doc. 195) is **GRANTED in part, DENIED in part**, and found to be **MOOT in part** as more fully set forth above, while Plaintiff's Motion to Compel (Doc. 207) is found to be **MOOT** as to categories A. 1. – 11. (which are

---

[5] The Court directed three copies of the Pretrial Order form be sent to Plaintiff.

duplicative of Doc. 195), **GRANTED** as to category A. 12, and **DENIED** as to category A. 13.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order on Indigent Subpoenas (Doc. 206) is **GRANTED** while Plaintiff's Motion for Court Order to Produce Subpoena Information (Doc. 215) is found to be **MOOT** as duplicative of Doc. 206. The Court will issue individual Show Cause Orders to each of the three third-parties on whom the underlying subpoenas were served.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Request for Admission (Doc. 208) is **DENIED** while Plaintiff's Motion for Defendants to Produce Sent Admissions (Doc. 214) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Indigent Subpoenas (Doc. 213) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Continue Case After Larned (Doc. 216) is **DENIED without prejudice**.

IT IS FURTHER ORDERED that the Scheduling Order is amended as outlined in Section F, above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 22nd day of January, 2021.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge