IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

v.                                       Case No. 18-3092-JWB-KGG (Lead Case)
                                            & No. 18-3135-JWB-KGG

DAVID GROVES, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's motion to supplement pleadings (Doc. 194), motion for reconsideration (Doc. 227), objection to magistrate's order (Doc. 233), motion to recuse magistrate (Doc. 236), and two motions to move Plaintiff to another jail (Docs. 237, 238). The motions, as briefed, are ripe for decision. (Docs. 204, 205, 211, 212, 243, 246.) For the reasons stated herein, Plaintiff's motions are DENIED.

**I.    Procedural History**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[1] The complaints are brought under 42 U.S.C. § 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail (the "Jail"), in which Plaintiff has been confined pending a criminal trial.

**II.   Analysis**

---

[1] The court dismissed some of the claims in both No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward. *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Additionally, the court is "mindful of the primary management role of prison officials who should be free from second guessing or micro-management by the federal courts." *Estate of DiMarco v. Wyoming Dept. of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

### A.   Motion to Supplement Pleadings (Doc. 194.)

Plaintiff seeks leave to supplement his complaint pursuant to Fed. R. Civ. P. 15 as he "is clearly entitled to relief from the defendants for ongoing constitutional violations." (Doc. 194.) Defendants respond that Plaintiff's motion should be denied "because he failed to attach the proposed second amended petition to his motion" despite prior instructions from the court to do so. (Doc. 204 at 1.) Rather, Plaintiff filed a "Supplement to Complaint" directly to the docket without permission from the court. (Doc. 197.) A motion to amend or motion for leave to file a pleading must "attach the proposed pleading." D. Kan. Rule 15.1(a). "The failure to comply with Rule 15.1 is sufficient reason for the Court to deny a motion to amend[.]" Carter *v. Spirit AeroSystems, Inc.*, No. 16-1350-EFM-GEB, 2017 WL 4865690, at *4 (D. Kan. Oct. 27, 2017). Moreover, the actual "Supplement to Complaint" that Plaintiff filed without authorization is devoid of any meaningful content. Thus, even if the court were to consider it, the proposed filing contains nothing to consider, and the contents of the motion is nothing more than a rehash of

allegations that have already been raised in this case. Accordingly, Plaintiff's motion is both baseless and procedurally inadequate and is therefore denied.

### B. Motion for Reconsideration (Doc. 227.)

In this motion, Plaintiff seeks reconsideration of the court's prior order overruling his objections to the magistrate judge's order refusing to allow Plaintiff to add new defendants to Count III of his complaint. (Doc. 209.) Plaintiff fails to illustrate any reason for the court to reverse course with its prior ruling. The court construes Plaintiff's motion as one seeking reconsideration under District of Kansas Rule 7.3(b). "A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating same three grounds for a Rule 59(e) motion to reconsider a non-dispositive order). A motion for reconsideration is not appropriate to repeat arguments or advance arguments that could have been raised previously. *Servants of Paraclete*, 204 F.3d at 1012.

Here, Plaintiff makes only a blanket statement that the court erred in denying his objections to the magistrate's orders. Rather than advancing arguments concerning a change in law or new evidence, Plaintiff lobs what can only be construed as filing threats towards the court. (Doc. 227) ("At any time that the defendants assert this claim I will file [an] amended complaint on all of them. If the courts deny I will file motions to recuse, then a writ of mandamus to the court of appeals.") Accordingly, the court denies Plaintiff's motion to reconsider.

### C. Objection to Magistrate's Order (Doc. 233.)

The court finds Magistrate Judge Gale's order (Doc. 228) is not clearly erroneous or contrary to law and therefore denies Plaintiff's objection (Doc. 233). Upon objection on a non-

dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quotation omitted). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quotation omitted). "When the magistrate judge ruling effectively removes a defense or claim from the case, however, several courts have found it to be dispositive and subject to *de novo* review." *In re Motor Fuel Temperature Sales Practices Litig.*, 261 F.R.D. 577, 578-79 (D. Kan. 2009) (quotations omitted).

Turning to Judge Gale's order (Doc. 228), the Plaintiff first objects to his "general" discovery requests being denied. On January 21, 2021, Judge Gale conducted an Omnibus Hearing ("Hearing") by telephone to discuss and rule on various discovery motions. (Doc. 225.) During the Hearing, Plaintiff stated that his "general requests" were in reality asking for basically the same items from his "inmate coordinator requests" category. Judge Gale found his "'general requests' category, as worded, [to be] overly broad and ambiguous." (Doc. 228.) In their original response, Defendants explain that:

> During those 4 years, Plaintiff has submitted countless requests and grievances through the kiosk. These Defendants estimate that he averages around five communications per day. The burden in obtaining, collecting, reviewing and producing these requests would be immense. This is especially true in light of the fact that Plaintiff made no effort to meaningfully tailor his request to correspond to the few claims that he has remaining; on the contrary, he requested every single communication off of the kiosk. This request is unreasonably burdensome and is well outside of the scope of discovery allowed

4

>under Rule 26. This burden is exacerbated by the fact that Plaintiff has the ability to access all of his own past grievances off of the kiosk.

(Doc. 152 at 3-4.) The court agrees with this reasoning. Plaintiff was granted his discovery request for the inmate coordinator section, which by his own account largely encompassed his general requests. The court finds no reason to order Defendants to produce another two years' worth of documents that Plaintiff made no real effort to meaningfully tailor to his remaining claims. Plaintiff has shown no error with respect to the magistrate judge's ruling.

Plaintiff's second objection centers around his belief that jail employees are stealing his legal mail because "for 'weeks at a time' he does not receive information from the Court or information that has been sent in response to subpoenas he has served." (Doc. 228 at 7.) However, in his own motion (Doc. 233), Plaintiff states he received the discovery items he believed to have been stolen or missing. Further, it is unclear how issuing a subpoena to the post office requiring production of all mail logs pertaining to Plaintiff helps him in any way with his remaining claims. Judge Gale echoed this sentiment by noting "this hearing would address issues relating to subpoenas that were not responded [to] but that production of actual mail logs themselves were unnecessary at the present time." (Doc. 228 at 7.) Accordingly, Plaintiff's objection is overruled.

### D. Motion to Recuse Magistrate Judge (Doc. 236.)

In his motion to recuse Kenneth G. Gale (Doc. 236), Plaintiff lodges a number of accusations against Judge Gale and argues for recusal under 28 U.S.C. § 455. Motions to recuse are ordinarily directed to the judge whose recusal is sought. *See* 28 U.S.C. § 455 ("Any . . . magistrate judge of the United States shall disqualify *himself* in any proceeding in which his impartiality might reasonably be questioned." (Emphasis added).); *see also United States v. Balistrieri*, 779 F.2d 1191, 1202–03 (7th Cir. 1985), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016) ("Section 455 clearly contemplates that decisions with respect

5

to disqualification should be made by the judge sitting in the case, and not by another judge.") However, Plaintiff has already filed two motions to recuse Judge Gale, (Case No. 18-3135 Doc. 141; Case No. 18-3092 Doc. 111), and the magistrate judge previously interpreted another of Plaintiff's motions as a motion to recuse. (Case No. 18-3092 Doc. 97.) Judge Gale denied the two motions that were referred to him. (Case No. 18-3135 Doc. 143; Case No. 18-3092 Doc. 99). Given that the magistrate judge has already ruled on this issue twice, and Plaintiff raises largely the same arguments of prejudice due to rulings against him, the undersigned will address this motion rather than ask Judge Gale to repeat his analysis a third time.

    As recently explained by Judge Melgren,

> there are two federal statutes that dictate the circumstances under which a federal judge should recuse. Section 144 of Title 28 of the United States Code provides that a judge should recuse if the party seeking recusal submits a 'timely and sufficient affidavit' illustrating that the judge has a personal bias or prejudice towards a party. 28 U.S.C. §144. Similar to §144, §455(b)(1) of the same title provides that a judge should recuse if the judge has a personal bias or prejudice towards a party. 28 U.S.C. §455(b)(1). However, unlike §144, §455(b)(1) does not include the requirement of a timely and sufficient affidavit. 28 U.S.C. §455(b)(1). Further, §455(a) states that a judge should recuse himself if the judge's 'impartiality might reasonably be questioned.' 28 U.S.C. §455(a). Accordingly, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, *see* 28 U.S.C. §144, 455(b)(1); or (2) the judge's impartiality might reasonably be questioned, *see* 28 U.S.C. §455(a).

*Lynn v. Lundry*, No. 20-3116-EFM, 2020 WL 3270547, at *1 (D. Kan. Jun 17, 2020). By contrast, "adverse rulings 'cannot in themselves form the appropriate grounds for disqualification.'" *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quoting *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir.1992)).

    Plaintiff fails to establish any legitimate reason for recusal. Instead, Plaintiff complains generally about Judge Gale's rulings in these cases. Judge Gale ruling in Defendants' favor on various motions does not by itself constitute a reason for recusal. As discussed in a previous order

6

(Doc. 113) by this court, Judge Gale has gone out of his way to explain to this *pro se* Plaintiff the phases of a civil case and the importance of commencing discovery to vest him with the tools needed to obtain evidence. Plaintiff's complaints suggest no personal bias or prejudice on the part of Judge Gale and as such his motion to recuse is denied.

Finally, with respect to the issue of recusal, the undersigned is tired of plowing this same ground over and over. Neither Judge Gale nor I harbor any personal bias or prejudice toward Plaintiff, nor is there any basis to question either judge's impartiality in this case. Plaintiff has had multiple opportunities to show otherwise and has failed miserably each time. Accordingly, Plaintiff is prohibited from filing further motions to recuse in this matter. Failure to comply will result in sanctions. Given Plaintiff's apparent inability to satisfy a monetary sanction, the most appropriate sanction will likely include dismissal of one or more of his remaining claims in these consolidated cases.

### E.   Motions for Relocation from Cherokee County Jail (Docs. 237, 238.)

Plaintiff seeks a transfer from the Cherokee County Jail due to what he characterizes as "Defendant Michelle Tippie's continued and constant abuse, harassment, [and] misconduct towards" him. (Doc. 238.) Plaintiff claims his kiosk privileges have been taken away for two months and that he is being punished and subjected to mistreatment for "allegedly giving a Jailer a love letter." (Doc. 237.) Based on the nature of the relief sought, the court construes this as a motion for preliminary injunction.

Plaintiff has failed to establish any of the required factors for a preliminary injunction. The court will only grant a preliminary injunction after the Plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the

opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiff's complaints in this motion are completely unrelated to the remaining claims within the consolidated cases and cannot serve as proper grounds for granting a preliminary injunction in this action. Further, even after considering the substance of Plaintiff's allegations, the court finds Plaintiff has utterly failed to plead any facts showing irreparable harm in the absence of an injunction. *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (holding harm is "irreparable" when monetary relief after a full trial would be inadequate.) Thus, Plaintiff's motions are denied.

### III.   Conclusion

Plaintiff's motion to supplement pleadings (Doc. 194) is DENIED. Plaintiff's motion for reconsideration (Doc. 227) is DENIED. Plaintiff's objection to magistrate's order (Doc. 233) is OVERRULED. Plaintiff's motion to recuse magistrate (Doc. 236) is DENIED. Plaintiff's motions to be transferred to another jail (Docs. 237, 238) are DENIED. Plaintiff is prohibited from filing any additional motions to recuse in these consolidated cases.

IT IS SO ORDERED this 26th day of February, 2021.

                                                            s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE