IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

v.                                                   Case No. 18-3092-JWB-KGG (Lead Case)
                                                            & No. 18-3135-JWB-KGG

MICHELLE TIPPIE, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' motion for filing restrictions (Doc. 245) and Plaintiff's objection to order of the magistrate judge, (Doc. 263), motions for preliminary injunctions, (Docs. 276, 286, 292), motion for reconsideration, (Doc. 287), and motion for sanctions, (Doc. 298.) The motions, as briefed, are ripe for decision. (Docs. 247, 252, 267, 282, 289, 290, 291, 294, 295.) For the reasons stated herein, Defendants' motion is DENIED, Plaintiff's motions are DENIED, and Plaintiff's objection is OVERRULED.

**I.    Procedural History**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[1] The complaints are brought under 42 U.S.C. § 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail (the "Jail"), in which Plaintiff has been confined pending a criminal trial.

**II.    Analysis**

---

[1] The court dismissed some of the claims in both No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward. *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Additionally, the court is "mindful of the primary management role of prison officials who should be free from second guessing or micro-management by the federal courts." *Estate of DiMarco v. Wyoming Dept. of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.").

A.  **Defendants' Motion for Filing Restrictions (Doc. 245.)**

Due to Plaintiff's unabated filing, Defendants request that Plaintiff be restricted from "filing any document that is not either a dispositive motion, a response to a dispositive motion, or a notice of appeal" without having prior approval of the court. (Doc. 245 at 6.) In response, Plaintiff rambles off a list of gripes against the Defendants and the magistrate judge. (Doc. 252.) The court is sympathetic to Defendants' qualms concerning the sheer volume of filings, but at this stage in the proceedings the court does not find it necessary to impose filing restrictions on Plaintiff.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010). The court recognizes that the dockets for the above two consolidated cases currently exceed more than 400 filings. These filings are often repetitious and seem more akin to airing personal grievances than detailing any purposeful legal argument. (*See*

2

Doc. 246 at 1.) However, the court determines that sanctions are not warranted at this time. This case is winding down as discovery is closed and the final pretrial conference date is fast approaching. Accordingly, Defendants' motion is denied.

### B.     Objection to Order of the Magistrate Judge (Doc. 263.)

The court finds Magistrate Judge Gale's order (Doc. 248) is not clearly erroneous or contrary to law and therefore denies Plaintiff's objection (Doc. 263). Upon objection on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quotation omitted). The "contrary to law" standard, by contrast, permits the district court to independently review purely legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (quotation omitted). "When the magistrate judge ruling effectively removes a defense or claim from the case, however, several courts have found it to be dispositive and subject to *de novo* review." *In re Motor Fuel Temperature Sales Practices Litig.*, 261 F.R.D. 577, 578-79 (D. Kan. 2009) (quotations omitted).

Here, Plaintiff's objection largely rehashes arguments that have continuously failed in his journey to secure counsel. As noted in Defendant's response, the magistrate judge's order denied Plaintiff's thirteenth motion requesting counsel. (Doc. 267 at 2.) In denying Plaintiff's repetitive motion, the magistrate directed Plaintiff to refer to the court's prior written orders detailing the reasoning behind his denial. (Doc. 248.) Turning to the most recent order (Doc. 183) denying

3

Plaintiff counsel, the magistrate judge cited the undersigned's previous order for its reasoning. There, this court stated:

> [T]he merits of the plaintiff's claims center around factual issues that the Plaintiff can investigate—especially since the discovery phase of litigation has begun. *McCarthy* [*v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)]. Furthermore, one need only look to the consolidated case record to recognize Plaintiff is more than capable of drafting and filing legal documents with the court. There is no constitutional right to counsel in a civil case, *see Beaudry* [*v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003)], and the mere possibility that an attorney might present this case more effectively than Plaintiff can do so representing himself *pro se* does not warrant appointment of counsel.

(Doc. 113 at 4.)

The court agrees with this reasoning. Plaintiff has not offered a new reason for why the court should diverge from this sound reasoning. Accordingly, Plaintiff's motion is denied.

### C. Motions for Preliminary Injunctions (Docs. 276, 286, 292.)

Plaintiff's first motion seeks a transfer from the Cherokee County Jail and to have his kiosk communications restored. (Doc. 276 at 5.) Second, Plaintiff again requests transfer from the Cherokee County Jail due to being housed with black inmates. (Doc. 286 at 3.) Third, Plaintiff seemingly threatens that if he is not removed from the Cherokee County Jail he will harm or kill himself. (Doc. 292.) Based on the nature of the relief sought, the court construes these as motions for preliminary injunctions.

Plaintiff has failed to establish any of the required factors for a preliminary injunction. The court will only grant a preliminary injunction after the Plaintiff has shown: (1) a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) his threatened injury outweighs the harm a preliminary injunction may cause the opposing party; and (4) the injunction would not be adverse to the public interest. *Beltronics USA, Inc. v. Midwest Inventory Distrib.*, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009). Further, there

must be a relationship between the injury claimed in the motion and the conduct asserted in the complaint.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  Courts are cautioned against granting mandatory preliminary injunctions—those requiring affirmative action by the nonmoving party—as they are "an unusual form of relief and one that must not be granted without heightened consideration" of the four factors.  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Plaintiff's complaints in these motions are completely unrelated to the remaining claims within the consolidated cases and cannot serve as proper grounds for granting a preliminary injunction.  Further, even after considering the substance of Plaintiff's allegations in his first two motions, the court finds Plaintiff has utterly failed to plead any facts showing irreparable harm in the absence of an injunction.  *Awad v. Ziriax*, 670 F.3d 1111, 1131 (10th Cir. 2012) (holding harm is "irreparable" when monetary relief after a full trial would be inadequate.)  Thus, Plaintiff's motions are denied.

**D.    Motion for Reconsideration (Doc. 287.)**

In this motion, Plaintiff seeks reconsideration of the court's prior order dismissing Defendants Danny Davis and Kristin Wagner from the proceedings. (Doc. 283.)  Plaintiff argues the order is "obviously a clear error of arbitrary, capricious, whimsical, and even manifest of injustice, as well as retaliation" for filing judicial complaints on the magistrate and undersigned. (Doc. 287 at 1.)  However, Plaintiff fails to illustrate any reason for the court to reverse course from its prior ruling.

"A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3(b); *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th

5

Cir. 2000) (stating same three grounds for a Rule 59(e) motion to reconsider a non-dispositive order). A motion for reconsideration is not appropriate to repeat arguments or advance arguments that could have been raised previously. *Servants of Paraclete*, 204 F.3d at 1012.

Here, Plaintiff makes a misguided argument that the court erred by deviating from the facts and saying Davis "was responsible to provide a medical diet. Instead the complaint clearly states he served 1700 calories or less a day." (Doc. 287 at 2.) Reviewing the court's order reveals this is nonsense. When discussing Davis, the term "medical diet" never even appears. (See Doc. 283 at 12-13.) Turning to Wagner, Plaintiff again asserts the undersigned fabricated the record due to an earlier order not granting the Plaintiff leave to supplement his claims and "out of retaliation for filing judicial complaints." (Doc. 283 at 3-4.) Plaintiff's unfounded accusations are of no legal merit. Rather, this is another example of Plaintiff lashing out upon not getting his way. Accordingly, the court denies Plaintiff's motion to reconsider.

### E. Motion for Sanctions (Doc. 298.)

Plaintiff "requests $2,500 in compensation from the Defendants for their constant harassment, obstruction." (Doc. 298.) The court has the "inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings." *Resolution Tr. Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995) (*citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). Here, the court finds no reason to sanction the Defendants based upon Plaintiff's allegations. Sanctions are an extreme remedy and Plaintiff has not shown that the facts warrant such a severe response. Accordingly, Plaintiff's motion for sanctions is denied.

## III. Conclusion

Defendants' motion for sanctions (Doc. 245) is DENIED. Plaintiff's objection to the order of the magistrate (Doc. 263) is OVERRULED. Plaintiff's motions for preliminary injunctions

(Docs. 276, 286, 292), motion for reconsideration (Doc. 287), and motion for sanctions (Doc. 298) are DENIED.

    IT IS SO ORDERED this 10th day of August, 2021.

                                                                                   _s/ John W. Broomes_____  
                                                                                  JOHN W. BROOMES  
                                                                                  UNITED STATES DISTRICT JUDGE