### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN MICHAEL WATERMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:18-cv-3092-JWB-KGG |
| | ) |
| MICHELLE TIPPIE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER DENYING MOTION TO RESOLVE DISCOVERY

Before the Court is the Plaintiff's Motion to Resolve Discovery (Doc. 325). The Court has heard arguments and proffers concerning this matter on the record on a number of occasions to include June 7, 2022, and July 12, 2022. On July 28, 2022, the Court accepted additional proffers and evidence from the parties, including sworn testimony from the Plaintiff and from Captain Tippie, the Captain of the Cherokee County Jail.

The dispute centers on the existence and production of four video recordings inside the jail. All of these videos are related in some way to the claims remaining in this case. The Plaintiff alleges that these four specific videos were provided in discovery early in this case when the Plaintiff was incarcerated at the Cherokee County Jail awaiting his criminal trial. After his trial, these videos were alleged lost or removed by the Kansas Department of Corrections when the Plaintiff was transferred to KDOC after sentencing (through no fault of the Defendants). As a result, this Court ordered, and Defendants agreed, to re-produce the videos previously produced. The four videos at

issue here are those which Plaintiff contends were not re-produced, but which he claims (and has testified) he viewed at the time of the earlier production.

Two of the videos would relate to the Plaintiff's discipline at the jail on or about October 15, 2017.  Plaintiff claims he was disciplined for failing to secure his cell door.  These videos, one from the body camera of a jailer and one from the camera in the jail pod, would allegedly show that his cell door was secured, supporting this claim that the discipline he received that day was unjustified or pretextual.  A third video allegedly shows the Plaintiff cleaning tables in the eating area on that day.  The Plaintiff admitted that this video might not be especially relevant to his claims.  The fourth video allegedly records a conversation with two jail guards in the medical area advising the Plaintiff of reasons for discipline imposed about March 17, 2018.  He alleges that the reasons the guards gave differed from the reasons now being offered for that discipline.

Captain Tippie testified she reviewed available video at the facility to respond to the initial discovery and re-reviewed video to re-produce evidence to the Plaintiff and for the hearing.  She testified that she had not seen the videos described by the Plaintiff at any time.  Defense counsel also represented to the Court that those videos had not been among those previously produced and that the originally-produced videos had been fully re-produced for the Plaintiff.

The Plaintiff's motion invites limited available relief.  The Court is convinced that whether or not these videos even existed, the Defendants cannot produce them now. So, the Court will not order the production of documents which have not been demonstrated to be available for production.  Additionally, the Plaintiff has not met his burden to

establish that the videos ever existed, or that they have been destroyed. Accordingly, the Court does not find willful misconduct or the withholding or destruction of evidence by the Defendants sufficient to establish spoliation.

The Plaintiff's motion is **DENIED,** without prejudice to present evidence at trial or in support or opposition to dispositive motions, and if relevant, that the evidence existed and was viewed by the Plaintiff.

**IT IS SO ORDERED.**

Dated July 29, 2022, at Wichita, Kansas

/S Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge