IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

v.                              Case No. 18-3092-JWB-KGG (Lead Case)
                                        & No. 18-3135-JWB-KGG

MICHELLE TIPPIE, *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's motion for extension of time to file a motion for summary judgment and to respond to Defendants' motion for summary judgment. (Doc. 348.) Defendants oppose the request. (Doc. 349.) Plaintiff has not filed a reply and the time to do so has expired.[1] For the reasons stated herein, Plaintiff's motion is DENIED as to filing Plaintiff's own motion for summary judgment and GRANTED as to Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment.

**I.  Procedural History**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[2] The complaints are brought under 42 U.S.C. § 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial.

---

[1] Plaintiff filed this motion on October 18, 2022 (Doc. 348), and Defendants responded on October 20, 2022 (Doc. 349). The time to reply is 14 days, making Plaintiff's reply deadline November 3, 2022. D. Kan. Rule 6.1(d)(1).
[2] The court dismissed some of the claims in both No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward. *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

## II.   Standard

Local rules in the District of Kansas require the requesting party to file a motion for extension of time before the deadline runs on the filing at issue.  D. Kan. Rule 6.1(a)(4).  After the deadline expires, the court will only grant an extension for excusable neglect.  *Id.*  The rule has other requirements with which Plaintiff has not complied, including indicating when the filing is due, whether other extensions have been requested, and whether the opposing party agrees to the extension.  D. Kan. Rule 6.1(a).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.   Analysis

Plaintiff's motion is not a model of clarity, but this court believes it is a request for extension of time to file both Plaintiff's own motion for summary judgment and Plaintiff's response to Defendants' motion for summary judgment.  (Doc. 348.)  Defendants read the motion the same way and oppose both requests.  (Doc. 349.)

Dispositive motions, including motions for summary judgment, were due on September 30, 2022.  (Doc. 339 at 20.)  Plaintiff filed the instant motion on October 18, 2022.  (Doc. 348 at 2.)  Thus, Plaintiff is nearly three weeks late in requesting an extension.  This delay is just another delay in this case's lengthy history since it was filed in 2018.

Plaintiff reasons that the extension is necessary because Plaintiff's unit at Hutchinson Correctional Facility ("HCF") "has lost all discovery disc [sic] and the computer."  (*Id.* at 1.)  Defendants note in their response that Plaintiff has not filed a grievance about access to legal

materials since June 2022.  (Doc. 349 at 2, Doc. 349-1.)  Defendants also spoke to legal counsel at HCF who was unaware of any issues.  (Doc. 349 at 2.)

Because Plaintiff delayed in filing this motion for extension for so long and has not shown excusable neglect for that delay, Plaintiff's motion for extension of time to file a motion for summary judgment is denied.

Defendants filed their motion for summary judgment on September 22, 2022.  (Doc. 344.)  Plaintiff's deadline to respond would have been 21 days later, on October 13, 2022.  D. Kan. Rule 6.1(d)(2).  Plaintiff filed this motion for extension of time on October 18, 2022, five days beyond the deadline to file a response.  (Doc. 348.)  As noted above, Plaintiff requests this extension because HCF "has lost all discovery disc [sic] and the computer."  (*Id.* at 1.)  Although the court is skeptical of this reasoning, Plaintiff is much closer to meeting the deadline.  Accordingly, Plaintiff's motion for extension of time to file a response to Defendants' motion for summary judgment is granted.

IV.  **Conclusion**

For the reasons stated herein, Plaintiff's motion for extension of time to file a motion for summary judgment is DENIED and Plaintiff's motion for extension of time to file a response to Defendants' motion for summary judgment is GRANTED.

IT IS THEREFORE ORDERED that Plaintiff shall file his response to Defendants' motion for summary judgment (Doc. 344) on or before November 15, 2022.

IT IS SO ORDERED this 7th day of November, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE