IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

        Plaintiff,

v.                                 Case No. 18-3092-JWB-KGG (Lead Case)
                                          & No. 18-3135-JWB-KGG

MICHELLE TIPPIE, *et al.*,

        Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment.  (Doc. 351.)  Plaintiff also requests a stay of the case until he is transferred to another facility at some point in the future.  (*Id.* at 2–3.)  Defendants oppose Plaintiff's motion.  (Doc. 353.)  For the reasons stated herein, Plaintiff's motion is DENIED.

## I.    Procedural History

These two cases were filed by Plaintiff, who is appearing pro se, in 2018 and later consolidated for judicial efficiency.[1]  The complaints are brought under 42 U.S.C. § 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial.  Plaintiff previously requested an extension of time to respond to Defendants' motion for summary judgment (Doc. 348) and the court granted that motion (Doc. 350) despite Defendants' objection (Doc. 349).  Plaintiff has now filed this second

---

[1] The court dismissed some of the claims in both No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward.  *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

motion for extension of time to file a response to Defendants' motion for summary judgment. (Doc. 351.)

## II.    Standard

One rule that governs requests for extension of time in the District of Kansas is Local Rule 6.1(a).  The rule requires a requesting party to indicate when the filing is due, whether other extensions have been requested, and whether the opposing party agrees to the extension.  D. Kan. Rule 6.1(a).

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.    Analysis

Before analyzing this specific request for extension of time to file a response, the court believes it is helpful to review a bit of Plaintiff's history of requesting extensions and stays.  This case and the case with which it is consolidated, No. 18-3135, were both filed in 2018, almost five years ago.  Looking only at this specific case, 18-3092, Plaintiff has filed 16 motions for extensions of time, continuance, or stay of the proceedings.[2]  (Docs. 9, 13, 22, 65, 81, 97, 171, 216, 249, 264, 293, 306, 329, 332, 348, 351.)  The court has been gracious in allowing Plaintiff time to litigate this case during the pendency of the criminal case against him, but now that Plaintiff has been sentenced, he requests another stay of the proceedings until he is transferred to another facility.  It is not clear when or even if he will be transferred to another facility at any point in the future.

---

[2] For the sake of comparison, Defendants have filed only two such motions.  (Docs. 15, 42.)

Defendants make clear in their response that they would like the case to proceed and not be further delayed by Plaintiff's dilatory tactics.  (Doc. 353.)  The court agrees that it is unusual for a case to be pending for nearly five years without a resolution.

Plaintiff requests an extension of time to respond to Defendants' motion for summary judgment and a stay of proceedings because he does not have appropriate computer access while he is in segregation.  (Doc. 351.)  The court is sympathetic that conditions for litigation while incarcerated are not ideal.  But that does not entitle Plaintiff to another stay of the case or extension of time to respond to summary judgment.

The District of Kansas has spoken about the rights of prisoners to access the judicial system:

> Prisoners have a constitutional right to access the courts.  But the right is limited and simply requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.  No particular methodology is guaranteed – only the capability of bringing contemplated legal challenges to sentences or conditions of confinement before the courts.  The right to access the courts neither requires unlimited access to a law library nor allows inmates the right to select the method by which access will be provided.

*Cox v. LNU*, 924 F.Supp.2d 1269, 1276 (D. Kan. 2013) (internal quotations and citations omitted).  Accordingly, Plaintiff has a right to litigate his claim and to have access to the courts.  But that right is not unlimited; Plaintiff does not have a right to use the computer or conduct research at his leisure.

Plaintiff states in his motion that, according to policy, he is not able to use the computer because he must be handcuffed at all times when he is outside his cell.  (Doc. 351 at 2.)  Plaintiff argues he does not have the ability to view the videos submitted as exhibits in support of Defendants' motion for summary judgment.  (*Id.*)  Plaintiff made this argument in his first motion for extension of time to respond to Defendants' motion for summary judgment.  (Doc. 348.)  In

their response, Defendants addressed this concern by noting that they had spoken to counsel for Hutchinson Correctional Facility ("HCF") and HCF was not aware of Plaintiff's concerns. (Doc. 349 at 2.) Defendants also obtained a log of grievances filed at HCF which did not include a grievance filed by Plaintiff related to computer access or access to the discs. (Id.) Having been forewarned of this issue in his prior motion, Plaintiff nevertheless fails to offer any explanation of the actions he has taken to address his concerns through the prison grievance system. Having identified no effort he has made to resolve these problems with the prison in the first instance, he will no longer be heard to complain about them here.

Further, Plaintiff does not indicate the date on which he was placed in segregation. Defendants filed their motion for summary judgment on September 22, 2022. (Docs. 344, 345, 346.) Plaintiff's response would have been due October 13, 2022. D. Kan. 6.1(d)(2). Plaintiff waited until October 18, 2022 to request an extension of time to file a response (Doc. 348), which the court granted (Doc. 350). The court allowed Plaintiff until November 15, 2022 to respond to Defendants' motion for summary judgment, an additional month after Plaintiff's deadline would have expired. (Id.) Plaintiff now requests additional time and a stay of the proceedings, in his motion which was filed on the date of the deadline, November 15. (Doc. 351.)

Plaintiff has had adequate time to respond and has failed to take appropriate efforts to address any issues he may have with access to the courts. The court will not now permit Plaintiff to extend this lengthy litigation even further.

IV.   **Conclusion**

For the reasons stated herein, Plaintiff's motion (Doc. 351) is DENIED. Defendants' motion for summary judgment will be treated as unopposed.

4

IT IS SO ORDERED this 23rd day of November, 2022.

                                   __s/ John W. Broomes_____

                                   JOHN W. BROOMES
                                   UNITED STATES DISTRICT JUDGE