IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN MICHAEL WATERMAN,

      Plaintiff,

v.                                                          Case No. 18-3092-JWB-KGG (Lead Case)
                                                   & No. 18-3135-JWB-KGG

MICHELLE TIPPIE, *et al.*,

      Defendants.


**MEMORANDUM AND ORDER**

This case comes before the court on Robert M. Shaw's motion to join.  (Doc. 352.)  For the reasons stated herein, Mr. Shaw's motion is DENIED.

**I.**      **Background**

These two cases were filed by Plaintiff, *pro se*, in 2018 and later consolidated for judicial efficiency.[1]  The complaints are brought under 42 U.S.C. § 1983 alleging various constitutional violations by persons connected with the Cherokee County Jail, in which Plaintiff was confined pending a criminal trial.  Magistrate Judge Gale entered the pretrial order in this case on August 31, 2022.  (Doc. 339.)  The trial date will be set after ruling on the dispositive motion filed by Defendants.  (*Id.* at 21.)  This case is finally at the dispositive motions phase after proceeding for nearly five years.

Mr. Shaw moves to join the case "as a class" and seems to believe his status as a pro se litigant sufficiently connects him to Plaintiff to join this case.  (Doc. 352 at 2.)  Mr. Shaw's claim

---

[1] The court dismissed some of the claims in both No. 18-3092 and No. 18-3135 before consolidating the remaining claims in both cases and designating No. 18-3092 as the lead case moving forward.  *See* No. 18-3092, Doc. 63, and No. 18-3135, Doc. 150.

or claims are related to advertisements by a realtor and perhaps a contract with the realtor to sell his home.  (*Id.* at 1.)  He also expresses frustrations with the realtor, a service processing company, the Cherokee County District Court, the Cherokee County Sheriff, and the Cherokee County District Attorney.  (*Id.* at 1–2.)

## II.     Standard

Permissive joinder of plaintiffs is governed by Fed. R. Civ. P. 20(a)(1).  For plaintiffs to join in a case, they must assert rights "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there must be a common question of law or fact shared by the plaintiffs.  Fed. R. Civ. P. 20(a)(1).  "While joinder is encouraged for purposes of judicial economy, the 'Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.'"  *Golston v. Correct Care Solutions*, Case No. 12-3046-SAC, 2012 WL 2119983, at *3 (D. Kan. June 11, 2012) (quoting *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D. Kan. 2001)).

## III.     Analysis

Here, Plaintiff's claims against Defendants relate to constitutional violations he believes he has suffered while in custody.  Mr. Shaw purports to present a claim or claims against entirely different defendants related to a realtor's advertisement or a contract with a realtor to sell his home.  These claims do not arise out of the same transaction or occurrence, nor do they share a common question or law or fact.  Mr. Shaw is not a proper party to join this case.

## IV.     Conclusion

For the reasons stated herein, Mr. Shaw's motion to join (Doc. 352) is DENIED.

IT IS SO ORDERED this 1st day of December, 2022.


___s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE